(99 App. Div. 372)

PEOPLE v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. CRIMINAL LAW—RIGHT OF APPEAL.
      Appeals in criminal cases may be taken only where expressly allowed by statute.

2. SAME—ORDER DENYING MOTION TO DISMISS.
      Under the Code of Criminal Procedure, only authorizing an appeal in a criminal case from a judgment of conviction, on which appeal an intermediate order or proceeding forming part of the judgment roll may be reviewed, a direct appeal cannot be taken from an order denying a motion to dismiss the indictment for want of prosecution.

¶ 2. See Criminal Law, vol. 15, Cent. Dig. §§ 2587, 2591.

3. DISMISSAL OF INDICTMENT—WANT OF PROSECUTION.

Where defendants, indicted for perjury involving negative proof as to whether the capital stock of a surety company had been paid in in full, did not plead for nearly two years after the indictment was found, because of their prosecution of a demurrer thereto, and, in response to a motion to dismiss for delay, not made until after notice that the indictments would be moved for trial, the district attorney stated that he was ready to proceed as soon as the court should take up bail cases, of which the case in question was one, etc., it was not error to refuse the motion, under Code Cr. Proc. § 668, authorizing the court to grant such motion "unless good cause to the contrary is shown."

Appeal from Court of General Sessions, New York County.

Application by Robert L. Martin and another to dismiss an indictment against them for want of prosecution. From an order denying the motion, petitioners appeal. Dismissed.

See 76 N. Y. Supp. 953; 79 N. Y. Supp. 340; 84 N. Y. Supp. 823; 67 N. E. 589.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin Bien, for appellants.
Edward Sandford, for the People.

PATTERSON, J. An indictment against these defendants was pending in the Court of General Sessions of the Peace in and for the county of New York, and they moved to dismiss it. It was found on the 9th of December, 1901, and the defendants demurred to it. The demurrer was overruled, but the indictment was sustained by this court, and ultimately by the Court of Appeals. The defendants did not plead until November 25, 1903. In July, 1904, the application to dismiss was made on notice; the ground being the want of prosecution. Section 668 of the Code of Criminal Procedure provides that:

"If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown."

It is the opinion of the court that the order is not appealable, and that view is sustained by People v. Petrea, 30 Hun, 98; People v. Trezza, 128 N. Y. 529, 28 N. E. 533; People v. Mayhew, 151 N. Y. 607, 45 N. E. 1123; People v. Dunn, 31 App. Div. 140, 52 N. Y. Supp. 968, affirmed 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247. Appeals in criminal cases may be taken only where expressly allowed by statute, and the only appeal allowed by the Code of Criminal Procedure is from a judgment of conviction, on which appeal an intermediate order or proceeding forming part of the judgment roll may be reviewed. It may not be necessary, therefore, to consider whether or not the court below erred in denying the application; but, even if the order were appealable, then it is plain that on the merits the application was properly denied.

For two years these defendants resisted and postponed pleading by the interposition of a demurrer. They were charged with perjury in falsely swearing to a certificate of payment of capital stock of a cor-

poration, which certificate was filed in Delaware, but sworn to here. This court and the Court of Appeals held that the indictment was good. By the dilatory proceedings of the defendants, they postponed an inquiry into the facts of the case for two years. The provision of section 668 of the Code of Criminal Procedure may leave it discretionary with the court in which the indictment is pending to dismiss, and the words "good cause to the contrary" may possibly be construed as indicating that it is the duty of the court to dismiss unless good cause for not doing so is shown. Here that cause is shown. It appears from the affidavit of Mr. Nott, the assistant district attorney, that the case was delayed by various appeals taken by the defendants, and that no plea was made until November, 1903; that since that date the case has been in his hands, and he has been at work on it; that it is a complicated case; that the indictments allege that the defendants committed perjury in swearing that $1,000,000 capital stock of the Delaware Surety Company had been paid in in full; that the case involves, to a large extent, negative proof, and that the affairs of the company had to be investigated, and it was not until after notice was served on the 12th of July, 1904, that the indictments would be taken up for trial, that this motion to dismiss was made; that the district attorney is ready to try the indictments, and will do so as soon as the court would take up bail cases. The order from which the appeal is taken recites that on the 25th of July the district attorney was ready to proceed with the trial, but it was delayed by reason of the fact that no bail cases, of which this is one, would be tried before October, 1904, under the rules of the Court of General Sessions. The order was not appealable, but, even if it were, good cause is shown why the indictment should not have been dismissed.

The appeal from the order should be dismissed. All concur.

---

(100 App. Div. 449)

## FRANK v. MERCANTILE NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. BANKRUPTCY—ACTION TO RECOVER DEPOSIT—SET-OFF—STATUTE.