In the Matter of the Application of WILLIAM H. Jones et al., Composing the Board of Supervisors of the County of Nassau, Appellants, to Set Aside and Quash a Presentment of the Nassau County Grand Jury.

THE PEOPLE OF THE STATE OF NEW YORK, Respondents.

APPEAL — ORDER OF APPELLATE DIVISION AFFIRMING ORDER OF A COUNTY COURT DENYING A MOTION TO STRIKE FROM ITS MINUTES A PRESENTMENT OF A GRAND JURY CENSURING PUBLIC OFFICERS — NOT REVIEWABLE IN THE COURT OF APPEALS. The Court of Appeals has no power to review an order of the Appellate Division affirming an order of a County Court denying a motion made by a board of supervisors to have the County Court set aside a presentment of a grand jury censuring them for their alleged neglect in keeping proper records of the minutes of their proceedings; since the motion was not made in an action, either civil or criminal, and is not a motion in a civil or criminal proceeding authorized by any statute, but is, in effect, an application to the County Court that it should exercise its control over its records by striking therefrom a paper alleged to be scanda'ous; and there being no inherent right of appeal and none allowed by statute from the order of the Appellate Division, the appeal therefrom must be dismissed.

*Matter of Jones*, 101 App. Div. 55, appeal dismissed.

(Argued April 14, 1905; decided May 2, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 27, 1905, which affirmed an order of the Nassau

County Court denying the motion of petitioners to set aside and quash a presentment of the grand jury of that county against them made at the term of the County Court for November, 1903.

The facts, so far as material, are stated in the opinion.

*Halstead Scudder* for appellants. A motion to set aside or quash the presentment in controversy on the ground that it is without warrant in law, involves a substantial right of the petitioners and is not addressed to the discretion of the court. (*Matter of Choate*, 41 Alb. L. J. 287; *People* v. *Hackley*, 24 N. Y. 74; *People* v. *Naughton*, 38 How. Pr. 430; *People ex rel.* v. *Kelley*, 21 How. Pr. 54; 1 Bish. Crim. Pro. §§ 142, 738; *U. S.* v. *Kilpatrick*, 16 Fed. Rep. 769; *King* v. *Justices*, 1 Black. 467.) The order appealed from is a final order in a special proceeding involving a substantial right, and as such is appealable to this court. (*Matter of Atty.-Gen.*, 155 N. Y. 441; *Matter of Cooper*, 22 N. Y. 67; *Belknap* v. *Waters*, 11 N. Y. 477; *People* v. *Glen*, 173 N. Y. 395; *People* v. *Naughton*, 38 How. Pr. 435; *Clem* v. *State*, 33 Ind. 418; *Crannor* v. *Smith*, L. R. [4 Exch.] 146; *Christal* v. *Kelly*, 88 N. Y. 290; *Hatch* v. *C. Nat. Bank*, 78 N. Y. 490; *U. S.* v. *Farrington*, 5 Fed. Rep. 345.; *U. S.* v. *Coolidge*, 2 Wall. 367.)

*Franklin A. Coles, District Attorney*, for respondent.

*Per Curiam.* On the 11th of December, 1903, a grand jury in attendance at the County Court of Nassau county made a presentment, by which, after alleging certain facts, they censured the board of supervisors of said county then in office for "not seeing to it that the minutes of their proceedings were regularly entered and posted in a minute book kept for that purpose by their clerk and that the minutes of the proceedings of the former board were not written up and posted to date." No indictment was found against the board of supervisors, or any member thereof.

A motion was made by the persons composing the board of supervisors to set aside said presentment, upon the ground that the allegations of fact contained therein were untrue; that the censure was unjust; that although they were held out as guilty of criminal conduct they had had no opportunity to meet the accusation and that such a presentment had no warrant in law. They supported the motion by an affidavit made by one of their number in behalf of all. The motion was opposed by the district attorney and, although no affidavit was read in opposition, it was denied by the County Court. The supervisors appealed to the Appellate Division of the Supreme Court where the order of the County Court was affirmed and they now come here.

Assuming that the County Court, from its inherent power over its own records, was authorized to entertain the motion, the appeal to this court at least was taken without authority. The Court of Appeals has no jurisdiction except such as is conferred by Constitution or statute. (*Croveno* v. *Atlantic Avenue R. R. Co.*, 150 N. Y. 225, 228.) We have jurisdiction to review a judgment of death by direct appeal from the trial court, but all other appeals must be taken from judgments or orders of the Appellate Division of the Supreme Court. The right of appeal in civil actions and proceedings is governed by sections 190 and 191 of the Code of Civil Procedure, and in criminal actions and proceedings by sections 515 to 533 of the Code of Criminal Procedure. These provisions are exclusive and unless they authorize an appeal to this court we have no jurisdiction.

The motion in question was not made in an action either civil or criminal, for none was pending. It was not the commencement of a special proceeding of a civil nature because it was not a prosecution by a party. (Code Civ. Pro. §§ 3333, 3334.) It was not a proceeding or special proceeding of a criminal nature authorized by the Code of Criminal Procedure. (Code Cr. Pro. part 6, titles 1–11, §§ 773–952.) The appeal was not taken from a judgment or order as authorized by section 519, nor "from a final determination affecting a

392 · Lewis *v.* Guardian Fire & Life Assur. Co. [May,

Statement of case. [Vol. 181.

substantial right of the defendant," because there was no defendant. (Code Cr. Pro. § 519.) It was not authorized by any statute and, hence, was not authorized at all. The motion involved no right of a party to a civil or criminal action or proceeding, but was an application to the County Court to do what it might have done upon its own motion and was in the nature of a suggestion that the court should exercise its control over its records by striking therefrom a paper alleged to be scandalous. Such a motion does not involve a legal right of an individual, but the right of the court itself to keep its own records free from matters of an immaterial or improper character.

As there is no inherent right of appeal and none is allowed by statute from such an order as was made by the Appellate Division we are compelled to dismiss the appeal.

Cullen, Ch. J., O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur; Gray, J., absent.

Appeal dismissed.