### In re MONTGOMERY.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

1. CRIMINAL LAW—APPEAL—DECISIONS REVIEWABLE—RIGHT OF APPEAL—NATURE OF RIGHT.

　　The policy of the law is to forbid intermediate appeals, and there is no constitutional or general right of appeal in criminal cases; the right of appeal in such cases being purely statutory.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 2615–2618.]

2. SAME—APPEALABLE ORDERS—EVIDENCE TAKEN BEFORE GRAND JURY—ORDER DENYING MOTION TO FURNISH.

　　Code Cr. Proc. § 250, provides that the grand jury must appoint a clerk to preserve minutes of their proceedings and of the evidence given before them. Laws 1885, p. 600, c. 348, § 5, provides that a stenographer shall attend the session of the grand jury, and take the testimony before them, and furnish the district attorney a copy thereof, but shall not permit any other person to take a copy thereof or to read it, except upon an order of the court, and that the original minutes shall be kept by the district attorney, and shall not be taken from his office, except as above provided. Code Cr. Proc. § 515, provides that the only mode of reviewing a judgment or order in a criminal action or proceeding of a criminal nature is by appeal. Section 517 provides that an appeal may be taken by the defendant from a judgment on a conviction after indictment, and, upon the appeal, any actual decision in an intermediate order or proceeding forming part of the judgment roll may be reviewed. Defendant was indicted for knowingly overdrawing his account in a bank in which he was an officer, and thereafter moved for an order directing the stenographer of the grand jury to furnish him with a copy of the evidence taken before them upon which the indictment was found. *Held*, that the motion was a motion in a criminal action, and was granted only in the discretion of the trial court, and there was no appeal from the order denying the motion.

3. GRAND JURY—RECORD OF PROCEEDINGS—RIGHT OF DEFENDANT TO EXAMINE PROCEEDINGS.

　　An examination of the minutes of the grand jury cannot be had for the purpose of assisting defendant in his preparation for the trial or of putting the state's testimony in the hands of defendant, and the sole purpose

for which such examination may be had is to enable defendant to move to set aside the indictment on the ground that it is not properly found, indorsed, and presented, or that an improper person was present during the session of the grand jury, as provided by Code Cr. Proc. § 313, or where his constitutional rights have been invaded; and such examination is not a matter of right, and does not depend upon whether there has been a preliminary examination, but depends in each case upon the determination by the court to which the application is made that such examination is necessary to enable defendant to move to dismiss the indictment upon the grounds provided, and in such case the motion should be granted.

Appeal from Trial Term.

Application of William R. Montgomery for an order directing the stenographer of the grand jury to furnish him with a copy of evidence taken before the grand jury on which indictments against him were found. From an order denying the application, the applicant appeals. Appeal dismissed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Howard S. Gans, for appellant.

William Travers Jerome, Dist. Atty. (Robert C. Taylor, of counsel), for respondent.

CLARKE, J. At the January term, 1908, of the Criminal Term, Part 1, of the Supreme Court, the grand jury therein impaneled found two indictments against William R. Montgomery, charging violations of section 600 of the Penal Code, in that, being an officer of a bank, he did knowingly overdraw his account in said bank and thereby obtained the money and funds thereof. He thereafter, and during said term, made a motion before said court for an order directing the stenographer of the grand jury therein impaneled to furnish to him a copy of the evidence taken before the said grand jury upon which said indictments were found. This application was denied by an order made and entered on the 13th day of February, 1908, from which order this appeal is taken.

The first question to be considered is whether the order is appealable. The Code of Criminal Procedure provides, in section 250, that "the grand jury must appoint one of their number as clerk, who is to preserve minutes of their proceedings, (except of the votes of the individual members on a presentment or indictment), and of the evidence given before them"; but it was not until 1885 that provision was made for the attendance of a stenographer upon the grand jury. By chapter 348, p. 600, Laws 1885, after providing for such stenographer, the act provided:

"Sec. 5. It shall be lawful for any stenographer duly appointed and qualified as herein provided to attend and be present at the session of every grand jury empanelled in the county in which he is appointed, and it shall be his duty to take in shorthand the testimony introduced before such grand jury and furnish to the district attorney of such county a full copy of all such testimony as such district attorney shall require; but he shall not permit any other person to take a copy of the same, nor of any portion thereof, nor to read the same nor any portion thereof, except upon a written order of the court duly made after hearing the said district attorney. All of the said orig-

inal minutes shall be kept in the custody of said district attorney, and neither the same nor a copy of the same or of any portion of the same shall be taken from the office of said district attorney, excepting as above provided."

The Code of Criminal Procedure nowhere makes provision for an application to procure the inspection of or a copy of the said minutes. From time to time, however, such motions have been made and granted or refused, as the case might be. There is no case to which our attention has been called, or which we have been able to discover, in which an appeal has been entertained from the order made upon such application. While the appellant has chosen to entitle his papers, "In the Matter of the Application of William R. Montgomery for an order directing the stenographer of the grand jury * * * and the district attorney * * * to furnish to him a copy of the evidence, * * *" this is none the less a motion in a "criminal action or proceeding." The moving papers aver that the appellant has been indicted by the grand jury; that said indictments have been found upon illegal or insufficient evidence; that witnesses were heard when improper persons were present before the grand jury in violation of law, and he claims as of right an opportunity to examine the minutes in order that he may make and support a motion to set aside said indictments upon the evidence of said illegal matters which he expects to find in said minutes. His standing in court, his right to make the motion, is based solely upon the fact that he has been indicted, and that he intends to move to set the indictments aside. The indictment is in a criminal action. The motion to set aside the indictment must be made in said action. If it were not for the existence of the criminal action, the motion would be of precisely the same nature as that considered in Matter of Jones, 181 N. Y. 389, 74 N. E. 226, where a motion to quash a presentment of a grand jury was before the court, which said:

"The motion in question was not made in an action either civil or criminal, for none was pending. It was not the commencement of a special proceeding of a civil nature because it was not prosecuted by a party. Code Civ. Proc. §§ 3333, 3334. It was not a proceeding or special proceeding of a criminal nature authorized by the Code of Criminal Procedure, pt. 6, tits. 1–11, §§ 773–952."

As there is a criminal action pending, and as this motion is made by the defendant therein in relation thereto, it must be held to be a motion in such action. There is no constitutional or general right of appeal in criminal cases. The right to appeal in such cases is purely statutory. The policy of the law is to forbid intermediate appeals; for, if such were permitted, every motion followed by an order could be the subject thereof, and the delays in bringing offenders to trial would be interminable. Such delays are serious enough as it is, where appeals are allowed from judgments.

Section 515 of the Code of Criminal Procedure provides that:

"Writs of error and of certiorari in criminal actions and proceedings and special proceedings of a criminal nature, as they have heretofore existed, are abolished; and hereafter the only mode of reviewing a judgment or order in a criminal action or proceeding, or special proceeding of a criminal nature, is by appeal."

Section 517 thereof provides that:

"An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment, except that when the judgment is of death the appeal must be taken direct to the Court of Appeals, and, upon the appeal, any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section 485, may be reviewed."

In People v. Dunn, 31 App. Div. 139, 52 N. Y. Supp. 968, this court said:

. "The only other point made by the defendants is that the act deprives them of an appeal from the decision of the trial court upon their challenges. There is nothing in this point. The right of appeal is not guaranteed by the Constitution. That is a matter entirely within the legislative judgment. Even the general right to an appeal, in the absence of a Constitutional provision to the contrary, is but a privilege which the Legislature may take away."

This language was expressly approved on appeal. 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247.

In People v. Martin, 99 App. Div. 372, 91 N. Y. Supp. 486, this court dismissed an appeal from an order denying the defendant's motion to dismiss an indictment for lack of prosecution, saying:

"It is the opinion of the court that the order is not appealable. * * *. Appeals in criminal cases may be taken only where expressly allowed by statute, and the only appeal allowed by the Code of Criminal Procedure is from a judgment of conviction, on which appeal an intermediate order or proceeding forming part of the judgment roll may be reviewed."

In People v. Carroll, 105 App. Div. 147, 93 N. Y. Supp. 926, the Appellate Division of the Third Department dismissed an appeal from an order denying a motion for the appointment of a referee to take a deposition to be used upon a motion to set aside an indictment, saying: "It is not claimed that there is any statutory provision authorizing the appeal"; and, alluding to section 517 of the Code of Criminal Procedure: "This section grants no authority to take the appeal which has been here attempted." In People v. Dundon, 113 App. Div. 369, 98 N. Y. Supp. 1048, the Appellate Division of the Third Department dismissed an appeal by the people from an order dismissing the indictment. It was stipulated that the respondents waived any question as to the right of the people to appeal, but the court said:

"Consent cannot give jurisdiction to an Appellate Court. * * * We think the order in question is erroneous, but for the reasons above stated we are not at liberty to entertain the appeal therefrom."

We have recently had occasion to consider this matter in People v. Markham, 114 App. Div. 387, 99 N. Y. Supp. 1092. We dismissed an appeal, stating:

"The right to appeal being, therefore, a mere statutory one, and no appeal having been provided for in cases similar to the one at bar, it follows that the motion to dismiss the appeal must be granted."

And in our opinion handed down at the April term, 1908, of this court (Hebberd v. Loeb, 124 App. Div. ——, 109 N. Y. Supp. 1116, citing People v. Trezza, 128 N. Y. 529, 28 N. E. 533; People v.

Mayhew, 151 N. Y. 607, 45 N. E. 1123; People v. Priori, 163 N. Y. 99, 57 N. E. 85), we dismissed an appeal from an order denying a motion for a new trial made after judgment and affirmance thereof upon appeal as not appealable. In the Matter of Jones, 181 N. Y. 389, 74 N. E. 226, which was an appeal from an order denying a motion to set aside and quash a presentment of a grand jury, the Court of Appeals said:

"The right of appeal in civil actions and proceedings is governed by sections 190 and 191 of the Code of Civil Procedure, and in criminal actions and proceedings by sections 515 to 533 of the Code of Criminal Procedure. These provisions are exclusive, and, unless they authorize an appeal to this court, we have no jurisdiction. * * * As there is no inherent right of appeal and none is allowed by statute from such an order as was made by the Appellate Division, we are compelled to dismiss the appeal."

In People v. Glen, 173 N. Y. 395, 66 N. E. 112, the court said:

"That the Legislature has the undoubted right to regulate mere matters of procedure in all actions and proceedings, both criminal and civil, is too well established to require either discussion or citation of authority. * * * Such matters are now regulated by the provisions of the Code of Criminal Procedure, and however inconvenient, or even oppressive, they may appear to be in specific cases, the courts must apply them, as best they can, for they embody the commands of the lawmaking power in matters wherein its fiat is supreme and final."

We cited this language in People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149, where we granted an absolute writ of prohibition prohibiting the Court of General Sessions of the Peace from granting a new trial upon the ground that the motion therefor had not been made within the time, and for the reasons prescribed by the Code of Criminal Procedure, and that, as an appeal would not lie, prohibition was proper. Conversely in People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732, the Court of Appeals affirmed an order of this court denying the relator's motion for an absolute writ of prohibition to restrain the prosecution of certain criminal proceedings against him, upon the ground that he had been compelled to testify against himself before the grand jury; the court holding that, as the denial of that motion was appealable as an intermediate order upon the appeal from the judgment, the writ would not lie.

The appellant, to sustain his contention that the order is appealable, relies upon certain cases wherein an appeal has been entertained from an order denying a motion for a change of place of trial in a criminal action. Section 346 of the Code of Criminal Procedure provides that:

"The application for the order of removal must be made to the Supreme Court, at a Special Term in the district, upon notice of at least ten days to the district attorney of the county where the indictment is pending, with a copy of the affidavits or other papers upon which the application is founded."

The leading case is People v. McLaughlin, No. 1, 2 App. Div. 408, 37 N. Y. Supp. 998. In that case Rumsey, J., said:

"The proceeding, therefore, to change the place of trial was not a proceeding in the criminal action, but it was a matter outside of that action brought

to obtain relief which was not necessarily part of the criminal action itself.
* * * The proceeding was one in the Supreme Court. It was a proceed-.
ing for the enforcement of what was claimed to be a right, and it was not a
civil action, because a civil action is an ordinary proceeding instituted by a
summons. This one was within the definition of the Code of Civil Procedure a
special proceeding. Code Civ. Proc. §§ 3333, 3334."

The court reversed the order denying the motion for a change of
venue, but in the meanwhile the trial had been in this county, and
the defendant had been convicted, and, upon appeal, the judgment
of conviction was affirmed, the report appearing in the same volume
(2 App. Div. 419, 37 N. Y. Supp. 1005). From the judgment of con-
viction, the defendant appealed to the Court of Appeals (150 N. Y.
365, 44 N. E. 1017), and upon said appeal brought up for review
the order of the Appellate Division reversing the order of the Spe-
cial Term. The Court of Appeals reversed the conviction and the
intermediate orders, but seems not to have adopted the conclusion
of the Appellate Division that the motion for change of place of
trial was a special proceeding governed by the provisions of the
Code of Civil Procedure, by saying:

"The right of removal of criminal actions before trial, and the procedure to
be adopted, are provided for and regulated by the Code of Criminal Procedure.
The Code of Criminal Procedure further declares that the only mode of re-
viewing a judgment or order in a criminal action or special proceeding of a
criminal nature is by appeal. Section 515. That section is applicable to judg-
ments, orders, and special proceedings which are provided for in the Code of
Criminal Procedure."

Be that as it may, the statute expressly provides that motions for
change of the place of trial shall be made at Special Term of the Su-
preme Court. There is no such provision in regard to the motion for
a copy of the minutes of the grand jury, and so the decisions cited up-
on motions for change of venue are not controlling here. The only
provision of law upon that subject is contained in the act of 1885, quot-
ed supra, controlling the stenographer:

"He shall not permit any other person to take a copy of the same * * *
excepting upon the written order of the court duly made after hearing the
district attorney."

It seems to us that such an application as that at bar, addressed to
the court in charge of the grand jury, is an application to the discre-
tion of that court, and that from its exercise of that discretion no ap-
peal is provided by statute, and that, therefore, no appeal from the or-
der entered thereon will lie. This decision is limited to the facts pre-
sented. That is an appeal from an order denying a motion made by a
defendant under indictment for a copy of the minutes of the grand
jury which indicted him. As the provisions of law in respect to in-
spection of the minutes of the grand jury are general, we do not now
hold that under no circumstances would an order of the trial court in
relation thereto be unappealable, leaving such matters to be disposed of
when raised.

We might well stop here, but it has been strongly urged upon us,
both by the learned district attorney and by the learned counsel for
the appellant, that these motions are becoming more and more fre-

quent, and that there is considerable diversity in ruling thereon in the different courts having charge of grand juries. The position of the appellant goes to the extent of claiming that an inspection of the minutes is an absolute right of the defendant, and that it should be granted in all cases upon application. The learned district attorney admits that the court has power to permit such inspection, but urges that the limits of its discretion should be fixed, and that a rule adopted by such courts, that the mere fact that a defendant has not had a preliminary examination before a magistrate before indictment is in and of itself sufficient ground for granting the application, is unsound. The grand jury, as an institution in the administration of the criminal law, is of ancient origin, and was received by us with the rest of the common law of England. Secrecy in its proceedings has always been regarded as essential. Said Blackstone in his Commentaries written in 1758:

"And anciently it was held that, if one of the grand jury disclosed to any person indicted the evidence that appeared against him, he was thereby made accessory to the offense, if felony, and in treason a principal, and at this day it is agreed that he is guilty of a high misprision and liable to be fined and imprisoned." 4 Bl. 126.

There was no statutory provision for the keeping of a written record of the proceedings before the grand jury in this state until the passage of the Revised Statutes in 1827, 1828, where it was enacted (2 Rev. St. [1st Ed.] p. 724, § 30):

"Every grand jury may appoint one of their number to be a clerk thereof, to preserve minutes of their proceedings and of the evidence given before them, which minutes shall be delivered to the district attorney of the county when so directed by the grand jury."

While motions were made prior to the passage of the act of 1885, providing for the stenographer to the grand jury, supra, for a copy of the minutes, I have found no case where the motion was granted. People v. Naughton, 38 How. Prac. 430, frequently cited as a leading case in support of the motion, was decided in 1870 in the court of oyer and terminer, sitting in Kings county. In that case there had been no preliminary examination before a magistrate. Mr. Justice Pratt denied a motion for a copy of the minutes, saying:

"That the motion papers do not state facts sufficient to warrant such an order. They do not state wherein any of the proceedings of the grand jury were irregular, so the court can judge whether it is a matter competent for the defendant at this time to challenge or investigate, or wherein an inspection is essential to protect any right of the defendant, or wherein the nonproduction of the minutes will work an injustice, or that he cannot more properly derive all the information he seeks from other sources. * * * It may also be said that it does not appear from said motion papers, but that all that appears on said minutes may be matters required by law to be kept secret. * * * The court cannot permit the said minutes to be used to disclose how any juror voted, or what was said by any juror during their deliberations, or to impeach a regular finding of a grand jury. It is only within certain restrictions that any inspection of the minutes can be allowed."

In Eighmy v. People, 79 N. Y. 546, decided in 1880, Miller, J., said:

"The refusal of the court to compel the public prosecutor to furnish to the prisoner's counsel the evidence before the grand jury was a matter resting in the discretion of the court, and is not the subject of review upon this writ of error."

In People v. Bellows, 1 How. Prac. (N. S.) 149, decided in 1884, Mr. Justice Brady sitting in the court of oyer and terminer, citing Eighmy v. People, supra, said:

"The necessity for a copy of the minutes in this case is not, I think, sufficiently shown by the affidavit of counsel."

In People v. Richmond, 5 N. Y. Cr. R. 97, decided in 1887, Smyth, recorder, in denying a motion for the inspection of the minutes of the grand jury where there had been no preliminary examination before a magistrate, said:

"I know of no authority, statutory or otherwise, nor has any been cited by the defendant's counsel, authorizing the court to compel the district attorney to exhibit to the defendant or his counsel the testimony of the people's witnesses or the minutes of the grand jury for any purpose other than to enable him to move to set aside the indictment for the reasons pointed out by the statute authorizing the granting of such relief, and, before he is entitled to such relief, he must present facts establishing his right thereto, and this he has failed to do upon this application."

In People v. Jaehne, 4 N. Y. Cr. R. 161, decided in 1886, Smyth, recorder, in denying a motion where no examination had been had before a magistrate, said:

"Assuming that the court has the power to make such an order under the law governing the practice in criminal courts at the present time, a question which is not entirely free from doubt, it is sufficient to say that this branch of the motion must be denied. * * * No case has been cited by the defendant's counsel where it has been held that the defendant, as a matter of right, is entitled to be furnished with the evidence taken by a grand jury in support of an indictment, or which, except for some special reason, such as to enable him to move to quash or set aside an indictment, as it is now termed, he will be permitted to inspect the minutes. Many reasons could be urged against the propriety of giving him such permission."

Since the passage of the act of 1885, such motions have been made and granted with more and more frequency, and a practice seems now to have grown up in the Court of General Sessions to grant such motions when there has been no preliminary examination, which practice seems to be based upon a decision made in that court in 1899 in People v. Molineux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936. That case cites People v. Naughton, supra, in which, although there had been no preliminary examination, the motion was denied. This question was carefully considered in the Supreme Court, Criminal Part, by Mr. Justice Kenefick, in People v. Steinhardt, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026, where the cases were examined, who said:

"So we are confronted with the proposition whether the ignorance of the defendant as to the testimony upon which the grand jury acted and his belief, or, to put it more exactly, his surmise, that it is insufficient in law, furnish a basis for the exercise of the judicial discretion to permit an inspection of the minutes. This position seems to me utterly indefensible, yet it is not surprising that it should be seriously maintained here, for such seems to be the rule laid down in the Molineux Case, 27 Misc. Rep. 60, 57 N. Y. Supp. 936. If that proposition holds true, then the disclosure of the testimony becomes substantially a matter of right, because there is no case in which the defendant could not furnish the same basis for the court's action. It has been suggested that the initiation of the charge before the grand jury without a preliminary hearing before a magistrate is an important, if not controlling, circumstance in granting motions of this character. I cannot conceive why it should be."

Examination of the minutes of the grand jury cannot be had for the purpose of putting the people's testimony in the hands of the defendant; nor for the purpose of assisting him in preparation for trial; nor can it be had as a matter of right; for, if so, such inspection must be granted to every defendant upon the mere asking. The sole purpose for which the inspection can be granted is to enable him to make a motion to set aside the indictment for the reasons specified in section 313 of the Code of Criminal Procedure, and, as now settled by the Court of Appeals in People v. Glen, 173 N. Y. 395, 66 N. E. 112, and People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621, both of which cases being on appeal from final judgment, where his constitutional rights have been invaded. As said in the Sexton Case:

"Whenever it clearly appears, therefore, that the legal evidence received by a grand jury is insufficient to support an indictment, or that illegal evidence is the sole basis for an indictment, the person indicted has a constitutional right to make a motion to dismiss, notwithstanding the provisions of the Code to the contrary. The right to make a motion upon these substantial grounds, and to have it decided in the first instance, necessarily implies the right to have a review of an adverse decision, at least in the absence of any statutory limitation, and so we will treat this as one of the questions that may be reviewed by this court upon appeal from a judgment of conviction in a capital case."

So that it seems to us that the granting of such motions does not depend upon whether a preliminary examination has been had or not; that such examination is not a matter of right, but depends in each case upon the determination by the court to which the application is made that it clearly appears from the papers submitted, that such examination is necessary to the defendant to enable him to make and sustain a motion to dismiss the indictment upon the grounds provided in the Code, and established by the Court of Appeals, and, when it so appears the motion should be granted.

As we do not think the order appealable, we do not pass upon the facts presented to the court in the first instance. In the exercise of its discretion the motion was denied. We have no power under the provisions governing appeals to review that discretion.

The appeal here taken should be dismissed. All concur.