## COUNTY COURT—ORLEANS COUNTY.
### November, 1909.

### THE PEOPLE v. HENRY J. GUENTHER.

(65 Misc. 150.)

GRAND JURY—INSPECTION OF MINUTES OF—CODE CRIM. PRO., SEC. 313.

To justify an order granting the defendant in a criminal action leave to inspect the minutes of the grand jury, it is not enough for the defendant to show that there was no preliminary examination before the magistrate; but it must also appear that the inspection is necessary to enable the defendant to move to dismiss the indictment, for the reasons specified in section 313 of the Code of Criminal Procedure, or where his constitutional rights have been invaded.

MOTION by defendant's attorney for leave to inspect the minutes of the grand jury.

*W. Crawford Ramsdale, District Attorney,* for People.

*Thomas A. Kirby,* for defendant.

SIGNOR, J.:

The defendant is charged in the indictment with the crime of arson in the third degree.

The affidavits on which the motion is based show that there was no preliminary examination before a magistrate, but that the proceedings against the defendant were begun by the proceedings before the grand jury.

The defendant alleges that he is ignorant of the testimony given before the grand jury, except he is informed that a letter written to another person was introduced in evidence and that two witnesses were sworn as experts as to the handwriting and that, in view of his ignorance as to the testimony before the grand jury, it is impossible for him to properly prepare for trial as he is advised by his counsel.

The affidavit of the attorney is to the same effect and contains the additional statement of a refusal by the district attorney to allow him to inspect the minutes.

Counsel for the defendant claims that while to a certain extent the motion is one to be allowed or disallowed in 'the discretion of the court, yet the almost universal holdings of the courts are that the motion should be allowed where the defendant has had no opportunity to have a preliminary hearing before a magistrate and an opportunity to examine and cross-examine witnesses.

The district attorney claims that the motion is one that should never be granted to enable a defendant to prepare for trial, but only to set aside an indictment on the ground stated in section 313 of the Code of Criminal Procedure and on constitutional grounds.

The general policy of the law, as disclosed by the oath administered to the grand jurors and the other provisions of the Code, is to keep the proceedings before a grand jury secret; yet, in certain cases, to promote justice and protect the rights of defendants, the courts do allow an inspection of the grand jury's minutes.

In the case of *People v. Klaw,* 53 Missc. Rep. 158, a motion of this kind was granted to enable the defendant to prepare for trial. This was a decision by CRAIN, J., in the General Sessions of New York county in February, 1907.

In the case of *People v. Molineux,* 27 Misc. Rep. 60, a motion was made on an affidavit that the defendant was afforded no preliminary examination and that, if allowed such an examination, he might have explained testimony that was adverse to him, and on the affidavit of his counsel *that the evidence was insufficient in law to sustain the indictment.*

This case was also decided in the Court of General Sessions in 1899.

The other case cited (*People v. Steinhardt*, 47 Misc. Rep. 252) was decided at a Trial Term of the Supreme Court in New York county in 1905. Judge KENEFICK went into the question very fully, calling attention to the fact that the policy of the law is to keep the proceedings of the grand jury secret. Section 157a of the Penal Code, now section 952t of the Code of Criminal Procedure, forbids the disclosure of the evidence taken before the grand jury except on the order of the court. The judge, after an exhaustive review of the law, held that where a defendant was subpœnaed before the grand jury and examined he was entitled to examine the minutes so far as his own testimony was concerned; and he also came to the conclusion that in other respects, " The only substantial ground upon which a motion of this character can be entertained is to enable the defendant to move to set aside the indictment upon one or more of the grounds permissible by law."

In the case of *Matter of Montgomery*, 126 App. Div. 72, the questions were on the right of appeal in criminal cases. The decision was by the Appellate Division in 1908. The court says that it might well stop without considering the question of the right to an examination of the minutes, but as these applications are becoming so frequent it goes into a review of the cases and the law, and at the close says: " So that it seems to us that the granting of such motions does not depend upon whether a preliminary examination has been had or not; that such examination is not a matter of right, but depends in each case upon the determination by the court to which the application is made that it clearly appears from the papers submitted that such examination is necessary to the defendant to enable him to make and sustain a motion to dismiss the indictment upon the grounds provided in the Code of Criminal Procedure and established by the Court of Appeals, and when it so appears the motion should be granted."

In view of this and the well-considered opinion by KENE-FICK, J., in the Steinhardt case, I consider the law practically settled and that, if at all, it must be in only very exceptional cases that such a motion should be granted except where " it clearly appears from the papers submitted that such examination is necessary to the defendant to enable him to make and sustain a motion to dismiss the indictment upon the grounds provided in the Code of Criminal Procedure and established by the Court of Appeals."   The motion is denied.

Motion denied.