## COUNTY COURT—STEUBEN COUNTY,
### April 7, 1911.

## THE PEOPLE v. ORTON GUILE.

GRAND JURY—INSPECTION OF MINUTES OF.

> The mere fact that a matter was presented to a former grand jury which failed to find an indictment, will not justify the granting of an order to inspect the minutes of the grand jury.

Motion to inspect the Minutes of the Grand Jury.

*James O. Sebring* and *W. S. McGreevy,* for Motion.

*E. C. Smith,* District Attorney, Opposed.

BURRELL, J.    The defendant was indicted by the Grand Jury of the County of Steuben, on the 5th day of January, 1911, for the crime of Rape in the Second Degree, the case having been sent to this Court for trial on January 14th, 1911, and the defendant now seeks to inspect the minutes of the Grand Jury, containing the evidence upon which this indictment was found.

There was no preliminary examination had prior to the action of the Grand Jury, but the main grounds urged by counsel, why this motion should be granted is that the matter was presented to a former Grand Jury which failed to find an indictment. It appears that the District Attorney subsequently obtained an order directing the re-submission of the case to another Grand Jury, which resulted in this indictment.    The District Attorney having informed the Court by affidavit that he had and was able to produce additional evidence showing the guilt of the defendant, and the counsel for the defendant claims that the same witnesses were sworn on the resubmission of the

case as were sworn on the first submission and arguing from
that, claim that no additional evidence was presented to the
second Grand Jury, and that if the evidence was insufficient in
the first instance to find an indictment that the evidence must
therefore be insufficient now to sustain this indictment, and
the moving affidavits allege that they are of the opinion that
the indictment herein was found upon insufficient and illegal
and incompetent evidence.

The proceedings of the Grand Jury have from time immemorial been hedged around with secrecy, and even after the introduction of a Stenographer into the work of the Grand Jury it
was followed by an enactment making it a misdemeanor for
him to disclose any of the evidence given before the Grand
Jury, it is thus shown that at every step the legislature has
intended to preserve inviolate the secrecy of the Grand Jury
proceedings.

In the case of People v. Steinhardt, 47 Misc. 252, 93 N. Y.
Supp. 1026, in an exhaustive review of the law governing a
motion of this character, the court says,

" Upon what grounds, then, shall the court, having in view
the long-established principle of secrecy, and the reasons upon
which it is grounded, disclose this testimony to the defendant?
It is suggested that the power should be exercised to enable a
defendant to prepare for trial. The fundamental rule governing discovery in civil actions is that it must be confined to facts
which are material to the applicant's cause of action or defense,
and that it does not enable him to pry into his adversary's case,
or find out the evidence by which that case will be supported.
Pomeroys Equity Jur., Vol 1, Sec. 201. Thus the practice in
civil causes affords no analogy to support the claim that the
prosecution should be required to disclose to the defense the
evidence upon which it expects to prove the charge made in the
indictment. * * * If the testimony is to be disclosed to
enable the defendant to prepare for trial, the right of inspection

follows as a matter of course, and the principle of secrecy pre-
served in our statutes is swept away by judicial fiat.   The only
substantial ground upon which a motion of this character can
be entertained is to enable the defendant to move to set aside
the indictment upon one or more of the grounds permissible by
law.   This was the conclusion reached by Recorder Smyth in
People v. Jaehne, 4 N. Y. Crim. Rep. 161.   People v. Rich-
mond, 5 N. Y. Crim. Rep. 97.

In re Montgomery, 110 N. Y. Supp. 793.   The court said,

" Since the passage of the act of 1885, such motions have
been made and granted with more and more frequency, and a
practice seems to have grown up in the Court of General Ses-
sions to grant such motions when there has been no preliminary
examination, which practice seems to be based upon a decision
made in that court in 1889, in People v. Molineux, 27 Misc.
Rep. 60, 57 N. Y. Supp. 936.   That case cites People v. Naugh-
ton, *supra,* in which although there had been no preliminary
examination the motion was denied.   This question was care-
fully considered in the Supreme Court, Criminal Part, by Mr.
Justice Kenefick, in People v. Steinhardt, 47 Misc. Rep. 252,
93 N. Y. Supp. 1026, where the cases were examined, who said,
' So we are confronted with the proposition whether the ignor-
ance of the defendant as to the testimony upon which the
Grand Jury acted and his belief, or, to put it more exactly, his
surmise, that it is insufficient in law, furnishes a basis for the
exercise of the judicial discretion to permit an inspection of the
minutes.   This position seems to me utterly indefensible, yet
it is not surprising that it should be seriously maintained here,
for such seems to be the rule laid down in the Molineux case,
27 Misc. Rep. 60, 57 N. Y. Supp. 936.   If that proposition
holds true, then the disclosure of the testimony becomes sub-
stantially a matter of right, because there is no case in which
the defendant could not furnish the same basis for the court's
action.   It has been suggested that the initiation of the charge

before the Grand Jury without a preliminary hearing before a Magistrate is an important, if not controlling circumstance in granting motions of this character. I cannot conceive why it should be.'"

It is held that the sole purpose for which the ispection can be granted is to enable the defendant to make a motion to set aside the Indictment for the reasons assigned in Section 313 of the Code of Criminal Procedure, and as now settled by

People v. Glen, 173 N. Y. 395.

People v. Sexton, 187 N. Y. 495.

To the same effect are the cases of Matter of Baldwin, 24 Crim. Rep. 137. People v. Guenther, 24 Crim. Rep. 133; People v. The Coney Island Jockey Club, 24 Crim. Rep. 522.

In the case at bar the defendant claims that he believes that incompetent evidence was offered before the Grand Jury, but fails to state facts sufficient in the moving papers to warrant the order asked for. He does not state wherein any of the proceedings of the Grand Jury were irregular, so that the court can judge whether it is a matter competent for the defendant at this time to challenge or investigate, but mainly relies on the fact that the case was presented to a former Grand Jury which failed to find an indictment, and the case subsequently having been presented to a second Grand Jury with the same witnesses, that there must necessarily have been insufficient evidence on which to base an indictment the second time. There is no force in that contention to my mind, for even with the same witnesses much additional evidence might be brought out on a second investigation that was not brought out on the first one, additional facts might have come to the knowledge of the District Attorney that could be proven by the same witnesses and which he was not aware of on the first presentation, and a mere supposition or surmise that such was not the case is insufficient on which to grant the order asked for.

Motion to inspect the Minutes of the Grand Jury is denied.