### PEOPLE v. HYDE.

(Supreme Court, Appellate Division, First Department.    November 3, 1911.)

1. CRIMINAL LAW (§ 101*)—TRANSFER OF CAUSES. •
   Notwithstanding there is no provision in the Code allowing a defendant to move to have an indictment transferred from the Supreme Court to the Court of General Sessions, yet an order entered in the minutes of the court, so transferring an indictment, though reciting that it was granted on defendant's motion, is in the exercise of its jurisdiction, conferred by Code Cr. Proc. § 22, subd. 6, to, "by an order entered in its minutes," transfer an indictment, found therein, to the Court of General Sessions.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 198–205; Dec. Dig. § 101.*]

2. CRIMINAL LAW (§ 1023*)—APPEALABLE ORDER—TRANSFER OF CAUSE.
   As an appeal in a criminal action can only be taken in such cases as are allowed by the Code of Criminal Procedure, an appeal in such an action, as from the record it must be considered, will not lie to the Appellate Division from an order of the Trial Term of the Supreme Court.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

Appeal from Trial Term, New York County.

Indictment against Charles H. Hyde.    From an order transferring the indictment to the Court of General Sessions for trial, the People appeal.    Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Robert S. Johnstone, Asst. Dist. Atty., for the People. .
Benjamin N. Cardozo, for respondent.

INGRAHAM, P. J.    The defendant was indicted in the Supreme Court.    On June 28, 1911, he served upon the district attorney a notice that a motion would be made on Thursday, June 29, 1911, before Mr. Justice McCall, presiding at a Criminal Term of the Supreme Court, Part 1, for an order transferring such indictment to the Court of General Sessions of the Peace in and for the City and County of New York, for trial.    By what appears to be an extract of the minutes of the Trial Term, Part 1, of the Supreme Court, held on Thursday, June 29, 1911, it is stated that counsel for the defendant moved for an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order of the court transferring the indictment to the Court of General Sessions, and after hearing counsel the court stated that the Supreme Court in which the indictment was found had adjourned for the summer vacation, but the Court of General Sessions would, during the summer months, have at least three of its several parts in operation, and that there was thus afforded an opportunity for the defendant to be heard speedily in defense; that the court, after a careful consideration of the entire subject, could find nothing to justify him in a denial of the application; and the motion was granted. What is contained in the minutes is also printed as an opinion of the learned trial justice presiding at the Criminal Term, and annexed to the record is an affidavit of the assistant district attorney stating that the foregoing decision or opinion, rendered on July 13, 1911, is the only decision or opinion rendered by the justice holding the Trial Term; and from this order or determination the district attorney appeals.

[1] The first question presented is whether or not there is any decision or determination presented in the record from which an appeal can be taken. The question must be determined by the record as presented to us. By subdivision 6 of section 22 of the Code of Criminal Procedure, the Supreme Court has jurisdiction, "by an order entered in its minutes, to send any indictment found therein for a crime triable at the County Court or the Court of General Sessions of the City and County of New York, to such court." By subdivision 3 of section 51 of the Code, the Court of General Sessions of the City and County of New York has jurisdiction "to try and determine any indictment found in the Supreme Court in said city and county, which has been sent by order of that court to and received by the Court of General Sessions therein." Considering these two provisions, the Supreme Court had jurisdiction to send this indictment to the Court of General Sessions, and the Court of General Sessions had jurisdiction to try and determine the indictment.

There is no provision in the Code, however, which allows a defendant to move to have an indictment transferred from the Supreme Court to the Court of General Sessions. Section 343 of the Code of Criminal Procedure provides that all writs and other proceedings thertofore existing for the removal upon the application of the defendant of criminal actions prosecuted by indictment from one court to another before trial are abolished. Section 344 provides for cases in which an indictment may be removed on the application of the defendant. That section limits the removal on the application of the defendant from a County Court or City Court to a term of the Supreme Court held in the same county for good cause shown, and then from the Supreme Court or County Court or City Court to a term of the Supreme Court held in another county on the ground that a fair and impartial trial cannot be had in the county or city where the indictment is pending. Section 346 provides that this application for an order of removal must be made to the Supreme Court, at a Special Term in the district, upon notice of at least 10 days to the district attorney of the county where the indictment is pending. The court had jurisdiction to send the indictment to the Court of General Sessions for trial. Such re-

moval undoubtedly must be by action of the court while the court was in sessions.

[2] The first question raised by the respondent is that this order is not appealable, and that question must be determined by the record as it is presented. There is nothing in this record to show that the term at which this order was made had at the time the order was made actually adjourned. There is, therefore, nothing to show that the term of the court had for any reason lost jurisdiction of the indictment or was without authority to exercise such jurisdiction as conferred upon it by law. That being so, we have on the record an order entered in the minutes of the court in which, although it was recited that the order was granted on motion of the defendant, the court had exercised its undoubted jurisdiction, and had transferred the indictment to the Court of General Sessions. Nothing appears, therefore, in this record to justify the court in entertaining the appeal. In People v. McLaugh- lin, 2 App. Div. 408, 37 N. Y. Supp. 998, this court entertained an ap- peal from an order of the Special Term denying a motion to remove a criminal case from the county of New York to another county, and re- versed the order. Upon an appeal to the Court of Appeals (150 N. Y. 365, 44 N. E. 1017) that court apparently upheld the jurisdiction of the Appellate Division to review that order and reversed the judgment of conviction, saying:

"We are unable to perceive of any proper ground upon which the action of the Appellate Division can be sustained, so far as it failed to set aside the proceeding and trial."

In several cases the Appellate Division has entertained appeals from orders entered upon motion to remove an indictment under subdivision 2 of section 344 of the Criminal Code. People v. Georger, 109 App. Div. 111, 95 N. Y. Supp. 790; People v. Bartels, 110 App. Div. 922, 96 N. Y. Supp. 1139; People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126; People v. Sarvis, 69 App. Div. 604, 74 N. Y. Supp. 1067; People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 677; and People v. Berdy, 103 App. Div. 595, 92 N. Y. Supp. 1137. This court, has, however, held in the Montgomery Case, 126 App. Div. 72, 110 N. Y. Supp. 793 (appeal dismissed in 193 N. Y. 659, 87 N. E. 1123), that an appeal in a criminal action can only be taken in such cases as are allowed by the Code of Criminal Procedure. If this appeal, therefore, was from an order in a criminal action—and in the record as presented to us it must be so considered—it is clear that no appeal lies to this court from an order of the Trial Term of the Supreme Court.

On the record, therefore, on which this appeal was heard, our conclu- sion is that the order was not appealable, and the appeal must there- fore be dismissed. All concur.