PEOPLE v. SANGER. (No. 7512.)

(Supreme Court, Appellate Division, First Department. · July 9, 1915.)

CRIMINAL LAW ⊜⟳1023—APPEAL—ORDERS APPEALABLE.

Under Code Cr. Proc. § 517, permitting an appeal from the judgment of
conviction only in a criminal case, an order denying, on motion of ac-
cused, a certificate that a criminal charge be prosecuted by indictment,
under Laws 1910, c. 659, § 31, subd. (c), as amended by Laws 1911, c. 576,
is not appealable, being an intermediary one.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598;
Dec. Dig. ⊜⟳1023.]

⊜⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Court of General Sessions, New York County.

William Sanger was arrested for advertising articles for immoral uses. From the denial of a motion for a certificate that the charge against the defendant be prosecuted by indictment, he appeals. Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gilbert E. Roe, of New York City, for appellant.

Stanley L. Richter, of New York City, for the People.

McLAUGHLIN, J. The defendant was arrested upon a complaint charging him with the crime of "uttering an advertisement purporting to give information where, how, when, of whom, and by what means an article purporting to be for immoral use could be obtained." Section 1141, subd. 1, Penal Law (Consol. Laws, c. 40).

After a hearing before the magistrate who issued the warrant, the defendant was held for trial before the Court of Special Sessions for the County of New York, and pending such trial was admitted to bail in the sum of $500. Thereafter he was arraigned before the Court of Special Sessions, pleaded not guilty, and a day fixed for the trial. The defendant thereupon moved, before the Court of General Sessions of the City and County of New York, that a certificate be granted that it is reasonable the charge be prosecuted by indictment. Chapter 659, § 31, subd. (c), Laws of 1910, as amended by chapter 576 of the Laws of 1911. The motion was denied, and defendant appeals.

There is no right of appeal in a criminal case, unless the same be given by statute (Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793); and the only provision of the statute which permits an appeal is from a judgment of conviction (section 517, Code of Criminal Procedure). The order appealed from is an intermediary one, and therefore is not appealable. People v. Dunn, 31 App. Div. 139, 52 N. Y. Supp. 968, affirmed 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247; People v. Martin, 99 App. Div. 372, 91 N. Y. Supp. 486; People v. Di Bol, 105 App. Div. 640, 94 N. Y. Supp. 1158; Matter of Montgomery, supra, and authorities there cited; People v. Hyde, 146 App. Div. 633, 131 N. Y. Supp. 567. It can be reviewed only on appeal from the judgment of conviction.

It follows that the appeal must be dismissed. All concur.