## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### January 7, 1921.

## THE PEOPLE v. ROBERT P. BRINDELL.

### (194 App. Div. 776.)

APPEAL—ORDER DENYING CHANGE OF PLACE OF TRIAL NOT APPEALABLE.

An order in a criminal action denying defendant's motion for a change of the place of trial on the ground that a fair and impartial trial cannot be had in the county where the indictment is laid, being an intermediate order, is not appealable.

APPEAL by the defendant, Robert P. Brindell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1920, denying defendant's motion for a change of the place of trial from the county of New York to some other county in the State of New York.

*Martin W. Littleton,* for the appellant.

*Samuel Untermyer* (*Samuel A. Berger, Robert S. Johnstone* and *Stanley L. Richter* with him on the brief), for the respondent.

CLARKE, P. J.:

Certain indictments having been found against the defendant for extortion and attempted extortion, he made a motion

under sections 344 and 346 of the Code of Criminal Procedure, upon due notice, at the Special Term of the Supreme Court, for a change of venue on the ground that a fair and impartial trial could not be had in the county or city of New York. After a hearing and due consideration by the Special Term, the motion was denied and an appeal has been taken from the order entered on said denial to this court.

We are met *in limine* by the claim of the People that the order, being an intermediate order in a criminal case, is not appealable. Although there were expressions from the bench upon the argument that it had been settled that such an order, denying a motion for change of venue, was appealable, an extended re-examination of the authorities has been made, and the deliberate conclusion reached that, although it is the undoubted fact that such appeals have now and then in the past been entertained, the law is now settled. to the contrary. In Matter of Montgomery (126 App. Div. 72, 22 N. Y. Crim. 485; appeal dismissed, 193 N. Y. 659), in dismissing an appeal from an intermediate order, this court said: "As there is a criminal action pending, and as this motion is made by the defendant therein in relation thereto, it must be ruled to be a motion in such action. There is no constitutional or general right of appeal in criminal cases. The right to appeal in such cases is purely statutory. The policy of the law is to forbid intermediate appeals, for if such were permitted, every motion followed by an order could be the subject thereof, and the delays in bringing offenders to trial would be interminable. Such delays are serious enough as it is, where appeals are allowed from judgments" (citing numerous authorities).

In that case we considered People v. McLaughlin, No. 1 (2 App. Div. 408), where this court had entertained such an appeal, saying: "The proceeding, therefore, to change the place of trial was not a proceeding in the criminal action, but it was a matter outside of that action, brought to obtain relief which was no necessary part of the criminal action itself."

The Court of Appeals (150 N. Y. 365) considered the order, as it came up on the appeal from the final judgment. That court reversed the judgment and at the same time modified the order, but did not accept the view of this court. On the contrary, that court said: "The right of removal of criminal actions before trial and the procedure to be adopted are provided for and regulated by the Code of Criminal Procedure. The Code of Criminal Procedure further declares that 'the only mode of reviewing a judgment or order in a criminal action, or special proceeding of a criminal nature, is by appeal.' (§ 515). That section is applicable to judgments, orders and special proceedings which are provided for in the Code of Criminal Procedure." In People v. Hyde (146 App. Div. 633) Presiding Justice INGRAHAM said: "In several cases the Appellate Division has entertained appeals from orders entered upon motion to remove an indictment under subdivision 2 of section 344 of the Criminal Code. (People v. Georger, 109 App. Div. 111; People v. Bartels, 110 id. 922; People v. Jackson, 114 id. 697; People v. Sarvis, 69 id. 604; People v. Butts, 121 id. 226; People v. Berdy, 103 id. 595.) This court has, however, held in Matter of Montgomery (126 App. Div. 72, 22 N. Y. Crim. 485; appeal dismissed, 193 N. Y. 659) that an appeal in a criminal action can only be taken in such cases as are allowed by the Code of Criminal Procedure. If this appeal, therefore, was from an order in a criminal action—and in the record as presented to us it must be so considered—it is clear that no appeal lies to this court from an order of the Trial Term of the Supreme Court." In People v. Zerillo (200 N. Y. 446, 25 N. Y. Crim. 345) the court said: "It has repeatedly been held that the appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and, of course, such jurisdiction can never be assumed, unless a statute can be found which expressly sanctions its exercise. There is no such statute applicable to the case of these defendants as now presented. It follows that

the Appellate Division" (140 App. Div. 902, which had said "No appeal lies from such an order in a criminal case, but the question must be presented on the appeal from the final judgment," citing Matter of Montgomery, supra) "was right in dismissing their appeal and that their appeal to this court must also be dismissed." In People v. Grout, No. 1 (166 App. Div. 220) the Appellate Division, Second Department, said: "Section 517 of the Code of Criminal Procedure specifies the only appeal and method of review available to defendant in a criminal action, and under the provisions of that section orders may be reviewed only as intermediate orders, incidental to, and upon, an appeal from the judgment of conviction. Orders may not be reviewed by a direct appeal independent of an appeal from a judgment of conviction," citing cases. In People v. Sanger (168 App. Div. 835) Mr. Justice McLaughlin wrote: "There is no right of appeal in a criminal case unless the same be given by statute (Matter of Montgomery, 126 App. Div. 72), and the only provision of the statute which permits an appeal is from a judgment of conviction. (Code Crim. Proc. § 517.) The order appealed from is an intermediary order and, therefore, is not appealable." In People v. Mascola (174 App. Div. 360) the Appellate Division in the Second Department said: "The application is a proceeding in a criminal action, notwithstanding it must be made to a judicial officer not a member of the court in which the action is pending. * * * (See People v. McLaughlin, 150 N. Y. 365, 375.) 'This Code applies to criminal actions, and to all other proceedings in criminal cases which are herein provided for.' (Code Crim. Proc. § 962.) * * * We encounter a decision of this court which holds that an appeal lies to the Appellate Division of the Supreme Court from an order denying an application of the defendant for a certificate. In that case the court entertained the appeal and reversed the order. (People v. Butts, 121 App. Div. 226, 21 N. Y. Crim. 400.) Prior to the date of that decision, and after the enactment of

the Code of Criminal Procedure, direct appeals from inter-
mediate orders in criminal cases were heard and decided.
(People v. Jackson, 114 App. Div. 697, 20 N. Y. Crim. 347;
People v. Sarvis, 69 id. 604.)  *  *  *  Now it is settled that
unless an appeal in a criminal case is authorized by statute it
is not authorized at all.   (People v. Zerillo, supra; People v.
Grout, No. 1, supra; Matter of Montgomery, 126 App. Div.
72; appeal dismissed, 193 N. Y. 659.)   Recantation is im-
perative.   An intermediate appeal may not be taken, and this
appeal must be dismissed."

It is true that a number of the above-cited cases had to do
with various intermediate orders other than those denying
motions for change of venue.   But that order is of the same
character and obviously subject to the same rule.   It is also
true that the writer of this opinion wrote for this court in
People v. Hyde (149 App. Div. 131, 27 N. Y. Crim. 126)
where we entertained an appeal from an order denying a mo-
tion for a change of venue and affirmed the same.   But no
motion to dismiss was made and the question was not raised
or discussed and many of the cases above referred to had not
been decided.   I have always been of the opinion that an
appeal did not lie from such an order, and upon this re-
examination I am settled in my conviction.   Nevertheless, we
have carefully examined the voluminous papers presented and
are satisfied upon the merits that the order was made in the
wise discretion of the justice at Special Term, and that there
is no reasonable ground shown for believing that the defend-
ant cannot have a fair trial by an impartial jury in New York
county.   The affidavits are inconsequential and of little value.
The extracts from the newspapers are worth considering.
These publications practically ceased some time since.   Every
one knows the ephemeral nature of impressions derived from
reading the public prints.   The community is fed on horrors
daily, almost hourly, and one sensation crowds out the previous
one.   So thoroughly is this known that it is provided in section

376 of the Code of Criminal Procedure that "the previous expression or formation of an opinion or impression in reference to the guilt or innocence of the defendant, or a present opinion or impression in reference thereto, is not a sufficient ground of challenge for actual bias, to any person otherwise legally qualified, if he declare on oath, that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict according to the evidence, and the court is satisfied, that he does not entertain such a present opinion or impression as would influence his verdict."

We are advised by this record that a special jury panel has been ordered. The law (Laws of 1901, chap. 602, § 3) provides: "No person shall be selected as such special juror * * * who doubts his ability to lay aside an opinion or impression formed from newspaper reading or otherwise, or to render an impartial verdict upon the evidence, uninfluenced by any such opinion or impression."

If newspaper articles furnished ground for removal, no defendant could ever be tried in New York county for a spectacular crime. If the defendant's fears in the case at bar are justified, we would not know to what county his trial should be transferred, as the metropolitan press circulates through the entire state. The busy residents of New York city are too much interested in their own affairs to be so impregnated with casual news accounts as to render them unfit for jury duty. The jury list is large, the special jurors are selected with care. We are satisfied from past experience that there will be little difficulty in securing in New York county a fair and impartial jury.

For the reasons first above stated, the appeal should be dismissed.

LAUGHLIN, DOWLING, PAGE and GREENBAUM, JJ., concur.

Appeal dismissed.