PEOPLE v. GREEN.

(Supreme Court, Appellate Division, First Department. April 15, 1910.)

1. CRIMINAL LAW (§ 1081*)—APPEAL—NOTICE OF APPEAL—FAILURE TO FILE.
Where accused failed to file notice of appeal with the clerk of Court of General Sessions, as required by the Code of Criminal Procedure, on a motion for leave to file his notice of appeal nunc pro tunc, Code Civ. Proc. § 1303, authorizing the court in its discretion to permit such an omission to be supplied, has no application; appeals in criminal cases being regulated solely by the Code of Criminal Procedure.
[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1081.*]

2. CRIMINAL LAW (§ 1081*)—APPEAL—NOTICE—JURISDICTION.
Code Cr. Proc. §§ 521, 522, 533, provide that an appeal must be taken within one year after judgment and for service of notice in writing on the clerk with whom the judgment roll is filed, etc., and on the district attorney, etc. Held, that where these provisions have not been complied with, in that no notice was served on the clerk of court, no appeal has been taken which the appellate court can entertain, and, as no power is given to relieve a party desiring to appeal for an omission to comply with the statute, an application to accomplish that effect cannot be granted.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2722–2724; Dec. Dig. § 1081.*]

Prosecution by the People of the State of New York against John Green. Heard on motion by defendant for leave to perfect his appeal. Motion denied.

See, also, 120 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John William Smith, for the motion.
Robert C. Taylor, Asst. Dist. Atty., opposed.

PER CURIAM. In this case the defendant, within the time allowed by the Code of Criminal Procedure, served a notice of appeal on the district attorney, but failed to file a notice of appeal in the office of the clerk of the Court of General Sessions. He now asks to be allowed to file his notice of appeal with the clerk of the Court of General Sessions "nunc pro tunc." The motion is opposed by the district attorney upon the ground that the court has no power to grant such relief.

It appears that the attorney for the defendant, on or about May 28, 1908, served upon the district attorney a notice of appeal from the judgment rendered convicting the defendant, but omitted to file such notice with the clerk of the Court of General Sessions of the Peace.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The fact that the notice of appeal was not filed with the clerk of the Court of General Sessions was not discovered until the defendant's attorney had caused the case on appeal to be served and printed, when, on application to the clerk of the court to certify the record, the clerk refused upon the ground that no notice of appeal had been filed with him.

The defendant relies upon section 1303 of the Code of Civil Procedure, which provides that:

"Where the appellant, seasonably and in good faith, serves the notice of appeal, either upon .the clerk or upon the adverse party, or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal, * * * the court, in or to which the a'ppeal is taken, upon proof, by affidavit, of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires."

Under this provision of law, this court would undoubtedly have the power, were this a civil action, to allow such an omission to be supplied. Appeals in criminal cases, however, are regulated by the Code of Criminal Procedure, and not by the Code of Civil Procedure. It has been many times held by the Court of Appeals and by this court that all proceedings in a criminal case are regulated by the Code of Criminal Procedure. People v. Hovey, 92 N. Y. 554; People v. Jaehne, 103 N. Y. 182, 8 N. E. 374; People v. Bissert, 71 App. Div. 118, 75 N. Y. Supp. 630, affirmed 172 N. Y. 643, 65 N. E. 1120; People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149; Matter of Montgomery, 126 App. Div. 76, 110 N. Y. Supp. 793.

By section 521 of the Code of Criminal Procedure it is provided that an appeal must be taken within one year after the judgment was rendered or the order entered. By section 522 it is provided that:

"An appeal must be taken by the service of a notice in writing on the clerk with whom the judgment roll is filed, stating that the appellant appeals from the judgment."

And by section 523:

"If the appeal be taken by the defendant, a similar notice must be served on the district attorney of the county in which the original judgment was rendered."

An appeal in a criminal action may be taken as a matter of right (Code Cr. Proc. § 520), but it must be taken and prosecuted in accordance with the provisions of the Code of Criminal Procedure. It must be taken within one year, it must be taken by the serving of a notice of appeal on the clerk of the court in which the conviction was had, and the notice of appeal must be served upon the district attorney. If these provisions are not complied with, it necessarily follows that no appeal has been taken which the appellate court has jurisdiction to entertain; and, as no power is given to any court to relieve the party desiring to take the appeal from his omission to comply with the statute in any of these particulars, an application to accomplish that effect cannot be granted. The court must administer the criminal law as it finds it, however unfortunate it may be for a defendant, and it has

no right to exercise a power which the Legislature has expressly refused to confer upon it.

The motion must, therefore, be denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.