## COURT OF APPEALS,
### Jan. 24, 1911.

# THE PEOPLE v. FRANK ZERILLO.

### (200 N. Y. 443.)

(1.) APPELLATE JURISDICTION OF COURTS PURELY STATUTORY.

The appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and such jurisdiction can never be assumed, unless a statute can be found which expressly sanctions its exercise.

(2.) SAME—WHEN NO APPEAL LIES FROM AN ORDER DIRECTING A RE-SUBMISSION TO A GRAND JURY OF A CRIMINAL CHARGE AFTER THE ALLOWANCE OF A DEMURRER TO THE INDICTMENT THEREON.

The Court of General Sessions of the Peace in New York city directed that a charge for violation of the criminal law be submitted to the grand jury. The charge had already been the subject of an indictment against the defendants to which they had successfully demurred, and no direction was then made that the case be resubmitted. The order for resubmission was made more than a year after the determination of the demurrer and by another judge when another indictment was found. *Held*, that no appeal lies from the order directing such submission.

*It seems*, defendants can raise the question of the validity of the order, either by treating the allowance of the demurrer as equivalent to an acquittal and interpose that plea to the second indictment or, in case of conviction thereon, move in arrest of judgment.

*People* v. *Zerillo*, 140 App. Div. 902, appeal dismissed.

MOTION to dismiss the appeal of the defendants from so much of an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1910, as dismissed their appeal from an order of the Court of

General Sessions, entered on the 23d day of August, 1909, which directed that the attorney-general submit to the grand jury of the county of New York a violation of subdivision 12 of section 41 of the Penal Code alleged to have been committed by the defendants.

The facts, so far as material, are stated in the opinion.

*Florence J. Sullivan* for appellants.   In sustaining the demurrer to the first indictment, the judgment became a bar to another prosecution, as no direction was given therein by the court sustaining the demurrer for leave to resubmit the case to the same or the next grand jury.   (Code Crim. Pro. § 327; *People* v. *Clements,* 5 N. Y. Cr. Rep. 297; 22 Cyc. of Law & Pro. 432; *People* v. *Krivitsky,* 60 App. Div. 311; 168 N. Y. 187; *People* v. *Martin,* 77 App. Div. 406.)   The appellants' appeal to the Court of Appeals is a matter of right.   (*People* v. *Priori,* 163 N. Y. 99; *People* v. *Conepi,* 181 N. Y. 402; Code Crim. Pro. § 519; *People* v. *Helmer,* 154 N. Y. 613; *People ex rel. Bresslin* v. *Lawrence,* 107 N. Y. 609; *People* v. *Drayton,* 168 N. Y. 10.)

*Edward R. O'Malley, Attorney-General (Lowen Edward Ginn of counsel),* for respondent.   The order directing resubmission was made in the proper and lawful exercise of the power and discretion of the Court of General Sessions; resubmission, made pursuant to its mandate, and the indictments thus found were and are valid.   (Code Crim. Pro. § 327; *People* v. *Martin,* 77 App. Div. 396; *People* v. *Rosenthal,* 197 N. Y. 394, 401; *People* v. *Clements,* 5 N. Y. Cr. Rep. 296.)

WILLARD BARTLETT, J.   On August 23rd, 1909, the Court of General Sessions of the Peace in and for the county of New York made an order directing that a charge against the defendants for violating subdivision 12 of section 41 of the Penal Code should be submitted to the grand jury.   The papers upon

which this order was made showed that this charge had already been the subject of an indictment against the defendants to which they had successfully demurred. From the order directing a resubmission of the charge the defendants appealed to the Appellate Division where their appeal was dismissed. "No appeal lies from such an order in a criminal case," said that court, "but the question must be presented on the appeal from the final judgment." (Citing *Matter of Montgomery,* 126 App. Div. 72; 193 N. Y. 659.) The defendants have now appealed to this court from the order of dismissal by the Appellate Division; and here, also, the special deputy attorney-general moves to dismiss their appeal.

It is necessary to state briefly the history of the case. The defendants were indicted on April 14, 1908, for the crime of making a false statement of the result of the canvass of the ballots cast at an election while they were inspectors of election. They interposed a demurrer to the indictment which was allowed by Judge CRAIN and judgment was duly entered in their favor on June 11, 1908. At that time no direction was given by the court that the case should be resubmitted to the same or another grand jury. More than a year later, however, upon August 23, 1909, an order was made at a term of the Court of General Sessions held by Judge ROSALSKY, directing that the attorney-general submit to the grand jury of the county of New York the violation of the Penal Code alleged to have been committed by the defendants herein. Under that order another indictment has been found which the defendants have unsuccessfully moved to dismiss. The purpose of the defendants upon the present appeal is to review the jurisdiction of the Court of General Sessions to make an order directing the resubmission of the charge to another grand jury under the particular circumstances of this case—that is to say, months after the decision upon the demurrer and when a different judge was presiding over the court.

The Appellate Division has been unable to find any statutory authority for such an appeal to that court. I can find none nor does it seem to me that the order is reviewable here.

Section 519 of the Code of Criminal Procedure specified the cases in which an appeal may be taken from a judgment or order of the Appellate Division to the Court of Appeals in criminal actions. These are: 1, from a judgment affirming or reversing a judgment of conviction; 2, from a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment or from an order affirming, vacating or reversing an order of the court arresting judgment; and, 3, from a final determination affecting a substantial right of the defendant. The third category is the only class in which this case could possibly be included in any point of view. It is argued that the dismissal of the appeal by the Appellate Division is in effect a final determination that the defendants may be prosecuted under an order for the resubmission of the charge against them to a second grand jury where the direction for such resubmission was not given by the court at the time of the allowance of their demurrer, and that a determination of this character affects a substantial right.

The answer to this argument is that the determination is not necessarily final. In view of the fact that a second indictment has been found under the order permitting a resubmission of the case to the grand jury it is difficult to see how a reversal of the order for the resubmission would now inure to the benefit of the defendants, for the second indictment would be left still standing. There appear to be two ways, however, in which the defendants can raise the question of the validity of the order to resubmit, which was made so long after the determination of the demurrer and by another judge. They could treat the allowance of the demurrer unaccompanied by any order for a resubmission of the case as equivalent to an acquittal and could interpose to the second indictment the plea of a

former acquittal of the same crime under subdivision 2 of section 354 of the Code of Criminal Procedure. On the other hand, upon the trial of the new indictment the defendants, if convicted, might move in arrest of judgment upon the ground that the prosecution was barred under section 327 of the Code of. Criminal Procedure and if that motion were denied could review the action of the trial court upon appeal. (*People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; 24 N. Y. Crim. 388.) These suggestions must not be understood as intimations that the objection of the defendants to the order of resubmission is well taken. They are made only to show that other methods of procedure exist by which the question can be raised both in the trial court and upon appeal. It has repeatedly been held that the appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and, of course, such jurisdiction can never be assumed, unless a statute can be found which expressly sanctions its exercise. There is no such statute applicable to the case of these defendants as now presented. It follows that the Appellate Division was right in dismissing their appeal and that their appeal to this court must also be dismissed.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Appeal dismissed.