PEOPLE v. GROUT.

(Supreme Court, Appellate Division, Second Department. January 15, 1915.)

CRIMINAL LAW (§ 1023*)—APPEALABLE ORDERS—INTERMEDIATE ORDER.

Under Code Cr. Proc. § 517, specifying an appeal as the only method of review in a criminal action, and providing that any intermediate order forming a part of a judgment roll, as prescribed by section 485, may be reviewed, an order denying a motion to set aside an indictment and to dismiss it for lack of prosecution, and remitting it to the County Court, though not specifically mentioned in section 485, could not be reviewed by a direct appeal, but only on appeal from a judgment of conviction; the jurisdiction to review criminal proceedings being wholly statutory, and nonexistent unless expressly conferred.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Edward M. Grout was indicted for perjury. From an order remitting the indictment to the County Court, defendant appeals. Appeal dismissed.

See, also, 85 Misc. Rep. 570, 147 N. Y. Supp. 591; 151 N. Y. Supp. 325.

Argued before BURR, THOMAS, RICH, and PUTNAM, JJ.

Stephen C. Baldwin, of Brooklyn, for appellant.

James C. Cropsey, Dist. Atty., of Brooklyn (Hersey Egginton, Asst. Dist. Atty., of Brooklyn, on the brief), for the People.

RICH, J. The appellant asks that so much of the order as remits the indictment for trial to the County Court of Kings County be reversed, and the learned district attorney contends that we are without power to consider this appeal for the reason that no independent direct appeal is authorized. The law, as established by a long and uniform line of decisions, is, as stated by the Court of Appeals in its latest utterance upon the subject:

"The appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and, of course, such jurisdiction can never be assumed, unless a statute can be found which expressly sanctions its exercise." People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108.

The Code of Criminal Procedure provides a system of practice and procedure, extensive and complete in itself, governing the procedure in all criminal cases, including appeals. Sections 962, 515, Code of Criminal Procedure; People v. Green, 137 App. Div. 763, 122 N. Y. Supp. 571. Section 517 of the Code specifies the only appeal and method of review available to defendant in a criminal action, and under the provisions of that section orders may be reviewed only as intermediate orders, incidental to, and upon, an appeal from the judgment of conviction. Orders may not be reviewed by a direct appeal, independent of an appeal from a judgment of conviction. People v. Zerillo, supra; People v. Green, supra; Matter of Jones, 181 N. Y. 389, 74 N. E. 226; People v. Trezza, 128 N. Y. 529, 28 N. E. 533; Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793; People v. Wendel, 128 App. Div. 437, 112 N. Y. Supp. 837; People v. Martin, No. 1, 99 App. Div. 372, 91 N. Y. Supp. 486; People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224; People v. Lazersohn, 147 App. Div. 227, 131 N. Y. Supp. 1012; People v. Markham, 114 App. Div. 387, 99 N. Y. Supp. 1092; People v. Kahn, 155 App. Div. 821, 140 N. Y. Supp. 618; People v. Hyde, 146 App. Div. 633, 131 N. Y. Supp. 567; People v. Herbert, 152 App. Div. 579, 137 N. Y. Supp. 409; People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732.

It is contended by the learned counsel for appellant that the provisions of section 517 do not apply to the appeal under consideration because of the language, which he construes as prohibiting the review of an intermediate order upon an appeal from a judgment of conviction, unless it forms a part of the judgment roll as the same is prescribed by section 485. He argues that the order is not an intermediate order,

and directs our attention to People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126. In that case the order under consideration denied defendant's motion for a change of venue, in a criminal action, from one county to another, and the court held that it was not an intermediate order, but in the nature of a special proceeding, from which an appeal was authorized by the Code of Civil Procedure. In People v. McLaughlin, No. 1, 2 App. Div. 408, 37 N. Y. Supp. 998, the same doctrine was held, but on appeal the Court of Appeals (150 N. Y. 365, 377, 44 N. E. 1017, 1020) repudiated it, saying:

"If this were a proceeding in a civil action, section 772 of the Code of Civil Procedure might be sufficient to authorize the court to vacate or modify the order. But it was a proceeding in a criminal action, and by virtue of the provisions of section 962 of the Code of Criminal Procedure is regulated by that Code, and not by the Code of Civil Procedure."

This destroys the weight of the authority cited to sustain the contention that the order under consideration is not an intermediate order. While such an order is not specifically mentioned in the provisions of section 485 of the Code of Criminal Procedure as forming part of the judgment roll, I am of the opinion that it is embraced in the general provisions of that section and could be properly made a part of the judgment roll (People ex rel. Hummel v. Trial Term, supra, 184 N. Y. 30, 76 N. E. 732; People v. Kahn, supra, 155 App. Div. 824, 140 N. Y. Supp. 618), and that no independent appeal lies from the order.

Our attention is called to some cases which are exceptions to the general rule, viz., that no direct appeal lies from orders in criminal actions which can be reviewed upon appeal from the judgment of conviction. In People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 677, it was held that an order denying defendant's motion for a certificate that his case be prosecuted by indictment, instead of trial at Special Sessions, was appealable although not specifically authorized by section 1409 of the Charter of the City of New York (Laws 1901, c. 466) upon the ground that the right to review the decision of a single judge, when a substantial right is involved, is fundamental and deemed to exist; and Matter of Brady, 69 N. Y. 220, was cited to sustain this conclusion. That was a civil action, however, and general statutory provisions permitting appeals in that class of cases existed. The question discussed was whether such general statutory right had been limited by any special statute subsequently enacted, and it was held that, unless it clearly appeared by a later special statute that the general statutory right to appeal was not to apply, it was deemed to exist; in other words, there was a general statutory right of appeal, which was deemed to exist unless expressly limited by a later special statute. In the case at bar there is no inherent right of appeal. The only section of the Criminal Code giving defendant the right of appeal in a criminal action is limited to an appeal from a judgment of conviction, and by implication excludes the right of appeal from an order, and limits the review of an intermediate order to the appeal from the judgment of conviction.

This appeal cannot be entertained, and it must be dismissed. All concur.

BURR, J. I concur. Personally, I think the defendant may not be without practical remedy, even if the order appealed from was improperly made. Authority is given to move to change the place of trial from a County Court to a term of the Supreme Court held in another county, on the ground that a fair and impartial trial cannot be had in the county where the indictment in pending. Code of Criminal Procedure, § 344, subd. 2. While such motion must be made in the Supreme Court (Code of Criminal Procedure, § 346), it is not necessary, in order to make such motion, that the indictment should be transferred from the County Court to the Supreme Court in the county where it was found. People v. Green, 201 N. Y. 172, 94 N. E. 658, Ann. Cas. 1912A, 884.