(174 App. Div. 360)

PEOPLE v. MASCOLA.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

1. CRIMINAL LAW ⊜⟶1023(3)—ORDERS APPEALABLE—CERTIFICATE AS TO METHOD OF PROSECUTION—STATUTES.

Laws 1910, c. 659, § 31, gives the Court of Special Sessions jurisdiction of charges of misdemeanor, unless before the commencement of any trial which is triable in the county of New York a judge authorized to hold a court of special sessions therein shall certify that it is reasonable that such charge shall be prosecuted by indictment, without providing for the entry of any order denying the application, or for any appeal, except that a defendant may appeal from a judgment of the Court of Special Sessions in the same way as an appeal is taken from a judgment in an action prosecuted by an indictment. Code Cr. Proc. § 962, declares the Code applicable to criminal actions and to all other proceedings in criminal cases which are therein provided for, and sections 5–7, defining a criminal action as a proceeding by which one charged with crime is accused and brought to trial and punishment, provide that the parties thereto shall be the state as plaintiff against the party prosecuted, designated as the defendant. Sections 515, 517, do not give the defendant the right to appeal from the denial of his application for such certificate. Code Civ. Proc. §§ 3333–3339, define civil actions and prescribe the parties thereto. Appellant, pending a criminal action in the Court of Special Sessions in the city of New York on the charge of a

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

violation of the Liquor Tax Law (Consol. Laws, c. 34), a misdemeanor, and before the commencement of his trial, applied to a county judge of the county in which the crime was alleged to be committed for a certificate that it was reasonable that the charge be prosecuted by an indictment, which application was denied. *Held*, that the order was not appealable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2585, 2590, 2592; Dec. Dig. ☞1023(3).]

2. CRIMINAL LAW ☞1004—APPEAL—STATUTORY RIGHT.
   Unless an appeal in a criminal case is authorized by statute, it is not authorized at all.

   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ☞1004.]

Louis D. Mascola was charged in the Court of Special Sessions in the city of New York with a violation of the Liquor Tax Law, a misdemeanor, and from the denial of the application to a county judge of Kings county, pending the action for a certificate that it was reasonable that the charge should be prosecuted by indictment, he appeals. On motion to dismiss. Appeal dismissed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (Harry E. Lewis, Dist. Atty., of Brooklyn, on the brief), for the motion.
Louis W. Osterweis, of New York City, opposed.

STAPLETON, J. [1] The district attorney moves to dismiss the appeal on the ground that the order is not appealable. The defendant is charged in a criminal action with a violation of the Liquor Tax Law, a misdemeanor. An action is pending against him in the Court of Special Sessions in the city of New York. Before the commencement of the trial of the issue raised by his plea of "Not guilty," he applied to a county judge of Kings county, the county in which the crime is alleged to have been committed, for a certificate that it is reasonable that the charge should be prosecuted by indictment. Chapter 659, Laws of 1910, § 31. The application was denied. The defendant would appeal to this court.

The law cited, pursuant to which the application was made, does not provide for the entry of an order denying the application. It contains no provision for appeal, except that a defendant may appeal from a judgment or determination of the Court of Special Sessions in the same manner as an appeal may be taken from a judgment in an action prosecuted by an indictment, and it is prescribed that the jurisdiction of appellate courts shall be the same as from such a judgment of conviction after indictment. The application is a proceeding in a criminal action, notwithstanding it must be made to a judicial officer not a member of the court in which the action is pending. Sections 3333 to 3339, inclusive, Code of Civil Procedure; sections 5–7, Code of Criminal Procedure. See People v. McLaughlin, 150 N. Y. 365, 375, 44 N. E. 1017. "This Code applies to criminal actions, and to all other proceedings in criminal cases which are herein provided for." Code of Criminal Procedure, § 962. The Code of Criminal Procedure

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

does not give the defendant in a criminal action, commenced in one of the counties within the city of New York, the right to make the application. People v. Knatt, 156 N. Y. 302, 306, 50 N. E. 835. The right is conferred by another statute. Section 31, c. 659, Laws 1910. There is no right of appeal in a criminal case, unless it be conferred by statute, and the Code of Criminal Procedure, the controlling statute, does not give the defendant the right to appeal from the denial of his application for the certificate. Code of Criminal Procedure, §§ 515–517; People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108; People v. Grout, No. 1, 166 App. Div. 220, 151 N. Y. Supp. 322.

We encounter a decision of this court, which holds that an appeal lies to the Appellate Division of the Supreme Court from an order denying an application of the defendant for a certificate. In that case the court entertained the appeal and reversed the order. People v. Butts, 121 App. Div. 226, 105 N. Y. Supp. 677. Prior to the date of that decision, and after the enactment of the Code of Criminal Procedure, direct appeals from intermediate orders in criminal cases were heard and decided. People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126; People v. Sarvis, 69 App. Div. 604, 74 N. Y. Supp. 1067. It had been held by the General Term of the Supreme Court in the Third Department that the refusal of the county judge to grant a certificate under section 57 of the Code of Criminal Procedure could not be reviewed on an appeal from the judgment of conviction.

[2] Now it is settled that unless an appeal in a criminal case is authorized by statute, it is not authorized at all. People v. Zerillo; People v. Grout, No. 1, ut supra; Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793, appeal dismissed Id., 193 N. Y. 659, 87 N. E. 1123.

Recantation is imperative. An intermediate appeal may not be taken, and this appeal must be dismissed. All concur.