(No. 30675.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE BARRIGAR, Plaintiff in Error.

*Opinion filed November 18, 1948.*

Eugene Barrigar, *pro se.*

George F. Barrett, Attorney General, of Springfield, and John T. Reardon, State's Attorney, (William J. Dieterich, and Edward B. Dittmeyer, of counsel,) all of Quincy, for the People.

Mr. Justice Thompson delivered the opinion of the court:

On May 22, 1945, plaintiff in error, Eugene Barrigar, pleaded guilty in the circuit court of Adams County to an indictment which consisted of two counts charging him with the crime of robbery while armed. He entered a plea of guilty, and thereafter, on May 23, 1945, was committed to the Illinois State Penitentiary for a term of from one year to life. The court, after hearing evidence, fixed a minimum term of fifteen years and a maximum term of forty years. The cause is brought here on the common-law record.

The only error presented is that the trial court erred in accepting a plea of guilty from an illiterate defendant who was not represented by counsel, and who did not, by word or action, waive such right to have the benefit of counsel at each and every state of the proceedings, thus denying him his constitutional rights and transcending the mandate contained in section 9 of article II of the State Constitution and the fourteenth amendment to the Federal constitution.

The common-law record reveals that on arraignment plaintiff in error was furnished a copy of the indictment, list of witnesses and list of petit jurors; that after being duly arraigned he entered a plea of guilty. He was admonished by the court as to the consequences of his plea but persisted therein, after which he was adjudged guilty

and sentenced to the penitentiary. Plaintiff in error was also found to be thirty years of age.

It is apparent from the record that at the time of the trial and all of the proceedings thereunder the court performed its duty.

Plaintiff in error now seeks to inject into this case the question of his illiteracy by an insertion in the abstract of a letter from the naval bureau stating that upon entrance to the Navy, plaintiff in error was classified as an "illiterate." The record here discloses no circumstances indicating plaintiff in error was illiterate or for any other reason unable to understand the nature of the charge or his right to the assistance of counsel. (*People* v. *Batey*, 392 Ill. 390.) The letter which he now seeks to rely upon could hardly be considered as evidence in any case and could not, of course, be considered on the record here. We are further of the opinion that even in a proper proceeding it would not be sufficient to prove illiteracy so as to entitle plaintiff in error to have this judgment set aside. Matters *de · hors* the record cannot be considered. (*People* v. *Conn*, 391 Ill. 190.) All reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment. *People* v. *Throop*, 359 Ill. 354.

Plaintiff in error cites several Illinois cases, *People* v. *Hoffman*, 379 Ill. 318, *People* v. *Nitti*, 312 Ill. 73, and *People* v. *Gardiner*, 303 Ill. 204. In these counsel was appointed and the question was directed at the incompetence of such counsel. They, of course, are inapplicable to the question whether, before a plea of guilty can be sustained, counsel must be appointed. The record here to which this inquiry must be confined does not contain a word indicating that counsel was denied or that plaintiff in error did not know of his right to counsel, .or that he was illiterate, feeble-minded or otherwise unable to understand or assert his right to counsel. Therefore the inquiry here is reduced to the sole question whether it is a manda-

tory duty on the court to advise plaintiff in error of his right to counsel and to show such advice in the record of proceedings.

This question was exhaustively considered in the case of *People* v. *Wilson,* 399 Ill. 437, where, after a consideration of the decisions, both State and Federal, it was held that there was no duty resting upon the court to advise a defendant in a noncapital case of his right to counsel before he enters his plea of guilty, and the absence from the record of any explanation of such right to such defendant does not furnish ground for reversal on the common-law record.

Plaintiff in error cites the case of *People* v. *Williams,* 399 Ill. 452. In that case the defendant was charged with murder, a capital offense, and the distinction between capital and noncapital cases was clearly pointed out. Analyzing this record we do not find that it discloses anything in the way of special circumstances which would impose a duty on the court to appoint counsel. In the case of *People* v. *Wilson,* 399 Ill. 437, the question was carefully examined in the light of the decisions of this court and of the Federal court and the distinction between the two jurisdictions was carefully pointed out.

We have, however, since that time, in cases in which indictments are returned on and after September 1, 1948, promulgated Rule 27A, pertaining to counsel in criminal cases, which provides, in part: "The court shall not permit waiver of counsel, or a plea of guilty, by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court that the accused understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives such right." (400 Ill. 22.) This rule was not in effect at the time plaintiff in error was indicted in the instant case.

It not appearing from the record here that defendant did not sufficiently understand the nature of the charge against him or his right to the assistance of counsel, the trial court did not err in sentencing him to the penitentiary on his plea of guilty. The judgment is therefore affirmed.

*Judgment affirmed.*