**UNITED STATES ex rel. BARRIGAR v. ROBINSON.**

No. 10355.

United States Court of Appeals
Seventh Circuit.

June 13, 1951.

Eugene Barrigar, pro se.

Ivan A. Elliott, Atty. Gen., William C. Wines, Asst. Atty. Gen., (Raymond S. Sarnow, James C. Murray, Asst. Atty. Gen., of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition for a writ of habeas corpus on the ground that the petitioner had not exhausted his state court remedies.

On petitioner's plea of guilty in the Circuit Court of Adams County, Illinois, the petitioner was, on May 23, 1945, adjudged guilty of robbery as charged in the indictment and was sentenced to a term of fifteen to forty years. The petitioner sought a writ of habeas corpus in the District Court on the ground that at the time of his arraignment he was illiterate and unable to read the indictment, and that he was not represented by counsel and was neither offered counsel nor advised of his right to counsel.

After his conviction the petitioner sought a writ of error in the Illinois Supreme Court. Since the matter now urged by petitioner was not disclosed in the common law record, the Illinois Supreme Court affirmed the judgment of the trial court. People v. Barrigar, 401 Ill. 471, 82 N.E.2d 433.

Petitioner next filed a petition for a writ of habeas corpus in the Circuit Court of Adams County, Illinois. That court denied the petition on the ground that the court in the original criminal case had jurisdiction of the person of the petitioner, the subject matter of the case and the power to enter the order, and that the judgment was therefore not void. Certiorari was denied by the United States Supreme Court, Barrigar v. Illinois, 338 U.S. 905, 70 S.Ct. 301. This was not an adjudication on the merits of petitioner's present contention. Petitioner next tried a petition for a writ of habeas corpus in the Circuit Court of Randolph County, Illinois. That petition was dismissed July 1, 1949, on the ground that the matter had been fully heard and adjudicated in the Circuit Court of Adams County, Illinois.

The petitioner later filed an action in the Circuit Court of Adams County, Illinois, under the Illinois Post-Conviction Review Law, Ill.Rev.Stat., C. 38, § 826 et seq., but alleges that that action was dismissed after hearing due to the incompetence of counsel appointed by the court to represent him; that he requested said counsel to perfect an appeal of that judgment to the Illinois Supreme Court; that counsel failed to do so; and that time for such an appeal has now expired. There is no showing, however, that petitioner made any request to the court for the appointment of other counsel.

The record also shows that petitioner did not bring an action in the nature of a petition for a writ of error *coram nobis* under the provisions of § 72 of the Illinois Civil Practice Act, Chapter 110, Ill. Rev.Stats.1949, § 196. The alleged illiteracy of petitioner and his inability to read the indictment does not appear of record, nor does it appear to have been shown to the trial court in the original criminal proceedings. This statute was enacted for the purpose of reaching a judgment which would not have been rendered had matters of fact not appearing of record been known to the court at the time of the rendition of the judgment. This was also an available state remedy of which petitioner might have availed himself before filing this action in the District Court.

Under these circumstances the District Court was authorized to dismiss the petition by 28 U.S.C.A. § 2254; Peters v. Ragen, 7 Cir., 178 F.2d 377; Hamby v. Ragen, 7 Cir., 178 F.2d 379.

It would also seem clear that the petition in the instant case was insufficient to show any violation of due process in the original criminal action in the Circuit Court of

Adams County, Illinois. The petition only alleges that petitioner could not read the robbery indictment on which he was found guilty and that he was not represented by counsel. The petition does not allege that he did not understand that he was charged with robbery; that the trial court did not fully explain to the accused the consequences of his pleading guilty; and that he did not know that he was entitled to have counsel assigned to him by the court for his defense upon his stating upon oath that he was unable to procure counsel. Nor does the petition allege any defense which counsel might have presented to the court, or any other manner in which counsel might have helped the accused.

It must be borne in mind that in the instant proceeding, counsel, whose name had been suggested by the accused, was appointed by the District Court and was given permission by the court to withdraw the original file of the court and to make such additions as he might desire to the petitioner's reply to the return of the respondent and to the brief and argument in support of petitioner's rights in the matter.

■ We must assume that if the counsel chosen by and appointed for the accused had discovered any further facts which would have tended to support the petitioner's contention here in the pleadings and brief, the petition would have been amended accordingly. Since no such amendments were made, we accept the petitioner's pleadings and briefs as fully stating the facts and contentions on which he relies. The facts pleaded and the contentions made by the petitioner do not show any violation of his constitutional right to due process. Rule 44 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that: "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

This Rule is in compliance with the Sixth Amendment of the Constitution which provides that in all criminal prosecutions in the federal courts the accused shall have the right to have the assistance of counsel in his defense.

■ However, the provision of the Fourteenth Amendment that no state shall "deprive any person of life, liberty, or property, without due process of law" does not require the appointment of counsel for the accused in every criminal prosecution in the state courts.

In Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 1262, 86 L.Ed. 1595, the request of an accused indicted for robbery, for appointment of counsel was refused. Due to lack of funds he was unable to procure counsel and so informed the court at his arraignment. The accused pleaded not guilty, was tried without a jury, found guilty, and sentenced to eight years imprisonment. The accused in the conduct of his own defense tried to establish an alibi. The Supreme Court there held, at page 473 of 316 U.S., at page 1261 of 62 S.Ct., 86 L.Ed. 1595, that the denial of counsel to the accused under the facts of that case did not violate the concept of due process incorporated in the Fourteenth Amendment; that the Fourteenth Amendment only " * * * prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel."

At the time petitioner was tried on the criminal charge the Illinois Constitution also provided, Article II, § 2, that no person should "be deprived of life, liberty or property, without due process of law." Section 9 provides that: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel * * *."

At the same time Illinois statutes provided as follows:

"Every person charged with crime shall be allowed counsel, and when he shall state

upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense. In all cases counsel shall have access to persons confined, and shall have the right to see and consult such persons in private.

"Whenever it shall appear to the court that a defendant or defendants indicted in a capital case, is or are indigent and unable to pay counsel for his or her defense, it shall be the duty of the court to appoint one or more competent counsel for said defendant or defendants". Ill.Rev.Stat. C. 38, § 730.

The Illinois statute also provides, Ill.Rev. Stat., C. 38, § 732 (1945) that in cases in which the accused pleads "guilty," such plea shall not be entered until the court shall have fully explained to the accused the consequence of entering such plea; after which, if the party persist in pleading "guilty," such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon as if he had been found guilty by a jury.

These provisions of the Illinois Constitution and statutes were examined by the Supreme Court in Bute v. State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 767, 92 L.Ed. 986, where the accused pleaded guilty to the charge of "taking indecent liberties with children" and was sentenced to imprisonment of one to twenty years. There also the common law record did not show that the Illinois trial court inquired as to the petitioner's desires to be represented by counsel, as to his ability to procure counsel, or that counsel was offered or assigned to him. The Supreme Court held, however, that such a silence in the record did not suffice to invalidate the sentence. There, as in the instant case, the accused did not request counsel and did not under oath state that he was unable to procure counsel. The court held that such a request and verified statement were necessary to place on the trial judge the duty of assigning counsel for the accused in a non-capital case under the facts of that case. In its decision the Supreme Court said, 333 U.S. at page 673, 68 S.Ct. at page 780, 92 L.Ed. 986: " * * * Under the procedure followed by the trial court (the procedure described by the Constitution and statutory law of Illinois), there was no affirmative duty upon it, either of state or federal origin, to do more than it did. In the present cases the state statute allowed the petitioner to be represented by counsel if the petitioner desired to be so represented. The state statute and practice, however, did not require that the accused must be so represented or that the trial court must initiate inquiry into the petitioner's desires."

■ We do not believe that the mere allegations of the petitioner in the instant case that he was unable to read the indictment was sufficient to distinguish this case from the Bute case.

In the instant case the petitioner admits that the trial judge explained to petitioner the consequences of entering a plea of guilty. At the time of his conviction petitioner was 33 years of age. This was not his first experience in a court. He had a previous conviction in the same court. Yet, regardless of this experience and after having the consequences explained, the petitioner chose to plead guilty to the crime charged. A man, no matter how illiterate, does not ordinarily need the help of a lawyer to decide whether he has committed a robbery. However much he might need counsel in order to conduct a trial, he is capable of stating without such aid that he is guilty. The petition here shows nothing to take this case out of these general conclusions.

The decision of the District Court is affirmed.