UNITED STATES ex rel. Angelo John
LA MARCA, Petitioner,

v.

Wilfred L. DENNO, Warden of Sing Sing
Prison, Respondent.

United States District Court
S. D. New York.

Feb. 21, 1958.

David M. Markowitz, New York City, Ralph Cohen, Rockaway Beach, N. Y., of counsel, for petitioner.

Frank A. Gulotta, Dist. Atty. of Nassau County, Henry P. De Vine, Asst. Dist. Atty., Mineola, N. Y., of counsel, for respondent.

DIMOCK, District Judge.

Petitioner has obtained an order that respondent show cause why a writ of habeas corpus should not issue. Petitioner is under sentence to be executed during the week of February 24, 1958, after conviction, on December 7, 1956, in the County Court, Nassau County, New York, of kidnaping and murder in the first degree.

Petitioner seeks his release on the ground that the popular feeling against him in Nassau County deprived him of his right to a fair trial under the Fourteenth Amendment.

Respondent resists the petition for a writ of habeas corpus on the ground that petitioner has not exhausted his state remedies as required by section 2254 of title 28 of the United States Code which provides:

"*§ 2254. State custody; remedies in State courts*

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[June 25, 1948, c. 646, 62 Stat. 967]."

Within three weeks after his indictment, petitioner applied to the Appellate Division of the New York Supreme Court, Second Judicial Department, pursuant to sections 344, subdivision 2, and 346, subdivision 2, of the New York Code of Criminal Procedure, for change of venue because of the popular feeling against him. His application was denied and his trial and conviction followed.

At this juncture petitioner says that, first, he had been denied a change of venue although local popular prejudice against him entitled him to such a change and, second, that local popular prejudice against him had made the trial that he had been given before a Nassau County jury unfair. A review of the order denying the motion for a change of venue would test the validity of his position as to that order and, as hereinafter appears, a proceeding by writ of error coram nobis would determine whether local prejudice had denied him a fair trial.

Petitioner's point of prejudice by local popular feeling against him in Nassau County was never again argued to any court after the denial of his motion for change of venue by the Appellate Division. He moved for leave to appeal to the Court of Appeals of the State of New York from that denial but his motion was denied on the ground that the Court of Appeals was powerless to grant such leave.

After trial and conviction he appealed from the judgment of conviction to the Court of Appeals of the State of New York. He was there represented by assigned counsel and counsel who had represented him below retired. There is conflict of authority as to whether on that appeal he could bring up for review the denial by the Appellate Division of his motion for a change of venue. People v. Grout, No. 1, 2nd Dept., 166 App.Div. 220, 151 N.Y.S. 322; People v. Jackson, 4th Dept., 114 App.Div. 697, 100 N.Y.S. 126. The notice of appeal purported to bring the point up for review but in the

defendant's brief it was expressly abandoned as insubstantial. There was no procedure under which he could raise, on that appeal, the point that his trial before a Nassau County jury was unfair. The conviction was affirmed by the Court of Appeals of the State of New York. People v. La Marca, 3 N.Y.2d 452, 165 N.Y.S.2d 753. An application for certiorari was made to the United States Supreme Court. No attempt was made to obtain review of the order denying the change of venue. The point that the trial was unfair because it was before a Nassau County jury could not be raised on certiorari because it had not been passed upon by the New York Court of Appeals. The petition for certiorari was denied on January 6, 1958. 355 U.S. 920, 78 S.Ct. 351, 2 L.Ed.2d 279. Petitioner's original counsel then re-entered the case and, on February 7, 1958, made the instant application.

As appears above, the point that the denial of a change of venue violated petitioner's rights has been passed upon only by the Appellate Division of the New York Supreme Court. The point that petitioner's trial before a Nassau County jury violated his constitutional rights has never been passed upon by any state court.

■■ The state remedy of writ of error coram nobis is and has been available to petitioner to vindicate his claim that he did not have a fair trial. People v. Silverman, 3 N.Y.2d 200, 165 N.Y.S.2d 11; Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909. In the ordinary case failure to exhaust that State remedy debars a petitioner from relief by way of habeas corpus in this court. Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; United States ex rel. Barrigar v. Robinson, 7 Cir., 189 F.2d 766, certiorari denied 338 U.S. 905, 70 S.Ct. 301, 94 L.Ed. 557.

■■ Did petitioner have also a state remedy for the alleged unfairness of his trial by way of the procedure for change of venue of which he took advantage?

The answer is no. The motion for a change of venue was not a remedy for the ill of which petitioner complains. Procedure by which one can move in advance of trial for a change of venue is not a remedy for the unfairness of the subsequent trial. Before this court can interfere, the state courts must be given an opportunity to pass upon the question whether the state of affairs at the time of the trial was such that it deprived the petitioner of a constitutional right.

While the fact that petitioner has not gone through a coram nobis proceeding in the state courts has thus debarred him from obtaining an immediate determination from this court with respect to the fairness of his trial, the court has power to stay his execution pending his exhaustion of state remedies. Duffy v. Wells, 9 Cir., 201 F.2d 503, certiorari denied, Wells v. State of California, 340 U.S. 937, 71 S.Ct. 483, 95 L.Ed. 676. See also United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 410, certiorari denied, Maroney v. United States ex rel. Darcy, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375. Indeed, this court is the only court with such power. Section 495 of the New York Code of Criminal Procedure provides that no state judge can suspend the execution of a defendant sentenced to the punishment of death except in the case of a stay of proceedings upon an appeal.

If I deny the motion for a writ of habeas corpus on the ground that petitioner has not exhausted his state remedies his execution will result. It is physically impossible for him to assert his rights in time to get the judgment of conviction vacated before the date set for his execution.

It is thus within my power to permit or deny review by the state courts in coram nobis. Imminence of execution has been held to be sufficient to justify review by the federal court in habeas corpus despite failure to exhaust state remedies by application for certiorari. Thomas v. Teets, 9 Cir., 205 F.2d 236, certiorari denied 346 U.S. 910, 74 S.Ct.

240, 98 L.Ed. 407; United States ex rel. De Vita v. McCorkle, 3 Cir., 216 F.2d 743. Do the circumstances here justify my exercising my discretion to grant the writ to the extent of staying the imminent execution?

In the ordinary case where a convicted defendant has been through the state courts and failed to take the opportunity to raise a constitutional point he will not be permitted to raise it on habeas corpus in the federal court. Vanderwyde v. Denno, D.C.S.D.N.Y., 113 F.Supp. 918, affirmed on opinion below, 2 Cir., 210 F.2d 105.

Here it is true that petitioner did not have the opportunity to raise the precise point that is now open for coram nobis, i. e. whether local prejudice deprived him of a fair trial. Nevertheless, the advisability of presenting to the Court of Appeals the similar point that local prejudice required a change of venue was considered by his counsel and the point was expressly abandoned. If these able counsel really announced their belief that the point of popular prejudice was insubstantial, that would be enough to make me refuse to exercise my discretion to stay execution. It is however possible that the abandonment of the point in the Court of Appeals was due to the difficult question whether the denial of the motion for a change of venue could be brought up for review.

■ As things stand, unless I issue a stay, defendant will be executed, not because his constitutional point is unfounded, but because there is not time to present it. I cannot find that his counsel's conduct amounts to an admission that the point is unfounded.

The application for a writ of habeas corpus is granted to the extent of staying the execution of petitioner pending prompt institution and prosecution of coram nobis proceedings in the courts of the State of New York. Jurisdiction is reserved for any appropriate further proceedings in this matter.

Settle order on notice.