THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB BROWNSTEIN, Appellant, et al., Defendant.

First Department, June 7, 1960.

*Jacob Brownstein,* appellant in person.

*Peter R. Rosenblatt* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Defendant Brownstein appeals from an order denying his motion for a certificate that it is reasonable that the charges filed against him in the Court of Special Sessions be prosecuted by indictment (N. Y. City Crim. Cts. Act, § 31, subd. 1, par. [c]). The order is not appealable. (*People* v. *Le Tang,* 273 App. Div. 811; *People* v. *Mascola,* 174 App. Div. 360.) That the motion was made in the Supreme Court rather than in the Court of Special Sessions does not affect the nonappealability of the order. (See *Matter of Cross* [*Kiliani*], 275 App. Div. 719, appeal dismissed 299 N. Y. 680, cert. denied 338 U. S. 859, which dealt with an appeal from a denial of a motion pursuant to Code Crim. Pro., § 57 [a section similar to N. Y. City Crim. Cts. Act, § 31], applicable to Courts of Special Sessions outside the Cities of New York and Albany.)

Appeals in criminal cases are purely statutory, and jurisdiction to entertain an appeal cannot be assumed unless there is express statutory permission. (*People* v. *Gersewitz,* 294 N. Y. 163, 166; *People* v. *Zerillo,* 200 N. Y. 443, 446.) Appellant's reliance on dicta in *Matter of Ryan* (*Hogan*) (306 N. Y. 11) is misplaced. The instant motion was one instituted pursuant to a special statutory provision in a law dealing with criminal proceedings. It was not addressed to the inherent power of the

4

Supreme Court. Hence it was subject to the rules applicable to appeals in criminal cases. Since the Code of Criminal Procedure makes no provision for the review of an order denying a motion under section 31 of the New York City Criminal Courts Act (see Code Crim. Pro., §§ 517–519), this court has no jurisdiction to entertain the appeal.

The appeal should, therefore, be dismissed, without costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and STEVENS, JJ., concur.

Appeal taken from an order of March 10, 1960 dismissed, without costs.