The People of the State of New York, Appellant, *v.* Albert E. Moreli, Jr., and Frank J. De Masi, Respondents.

Third Department, December 2, 1960.

*Morris Marshall Cohn, District Attorney,* for appellant.

*Louis Lombardi* for Frank J. De Masi, respondent.

*Gordon, Gordon & Siegel (Arnold M. Gordon* and *Robert Siegel* of counsel), for Albert E. Moreli, Jr., respondent.

*Per Curiam.* The People appeal from orders which granted defendants' separate motions for inspection of the minutes of the Grand Jury which found a joint indictment for violations of section 970 of the Penal Law — the common gambler statute. These appeals were heard with the article 78 proceeding *People ex rel. Cohn* v. *County Court of Schenectady County,* decided herewith (11 A D 2d 438), in which the District Attorney sought relief in the nature of prohibition against the enforcement of the orders here appealed from.

The orders are not appealable. (*People* v. *Howell,* 3 N Y 2d 672, 675.) The District Attorney's contention to the contrary rests upon the construction he would give to section 518 of the Code of Criminal Procedure providing that, '' An appeal may be taken by the people as of right * * * 5. In all cases where an appeal may be taken by the defendant, except where a verdict or judgment of not guilty has been rendered.'' Subdivision 5 (then 4) was added by chapter 337 of the Laws of 1927 and we find no clear indication of its purpose. The only memorandum in the bill jacket is that of the Committee on Criminal Courts Law and Procedure of the Association of the Bar of the City of New York which advanced the opinion that the bill would confer upon the People no additional right. Since

an appeal may not be taken by the defendant from a denial of inspection (*People* v. *Howell, supra*), clearly subdivision 5 is inapplicable. The District Attorney, however, would equate "an appeal [which] may be taken by the defendant" to the defendant's supposed right of review of any order denying inspection, upon an appeal to the Appellate Division from a judgment of conviction; and would thereupon assume an immediate right of appeal in the People co-ordinate with the defendant's right of review incidental to his appeal from conviction; but he cites no authority sustaining such supposed right of subsequent review in any case in which the question was squarely raised and put directly in issue, and we know of none. (See *People* v. *Harrell*, 282 App. Div. 1051, 1052, affd. 307 N. Y. 890; and, cf., dissenting opinion in *People* v. *Howell*, 3 A D 2d 153, 163–164, affd. 3 N Y 2d 672, *supra*.)

In any event, and considering that " the appellate jurisdiction of the courts of this state in criminal cases is purely statutory; and * * * can never be assumed, unless a statute can be found which expressly sanctions its exercise " (*People* v. *Zerillo*, 200 N. Y. 443, 446), there seems to us no justification for attributing to subdivision 5 a meaning which its clear language does not support.

The appeals should be dismissed.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Appeals dismissed, without costs.