Mastín Schenck, J.
The defendant was tried and convicted in the Court of Special Sessions, Town of Guilderland (Hughes, J.) for three violations of the Zoning Ordinance of the Town of Guilderland. This is an appeal from the judgment of conviction. Defendant was charged with using, occupying and residing in a house trailer in violation of three separate sections of the ordinance. The defendant-appellant now appeals on the ground that the ordinance was invalid as being in violation of the procedural requirements of the laws of the State of New York and that, therefore, he has been denied his constitutional rights in that he was deprived of property without due process of law.
First, I would dispose of the contention that this court, being limited to jurisdiction specifically conferred upon it, cannot rule upon the validity of the ordinance in question on constitutional or other such grounds. The right to “ due process of law ” is always available to a defendant in any type of criminal prosecution. If the law, statute or ordinance pursuant to which a person is convicted is, as a matter of fact, invalid, his conviction cannot be sustained. The respondent cites two cases in challenging the right of this court to pass upon the validity of the ordinance in reviewing an appeal from the conviction of the defendant. Neither case is in point. Matter of Ryan (Hogan) (306 N. Y. 11) deals with the authority of the Court of General Sessions in New York City to vacate subpoenas. It does not go into the fundamental question of the validity of the law for violation of which a person is required to stand trial. Similarly, People v. Zerillo (200 N. Y. 443) deals with procedural matters and is not applicable here.
*202 The question to be considered, therefore, is whether the People have sustained their burden of establishing the guilt of the defendant for violations of a valid ordinance. It is conceded that he did the things charged in the information. The appellant listed several grounds in his affidavit of errors. For the purpose of this opinion these may be deemed to boil down to the contention that the Zoning Ordinance in question was not adopted in conformity with the mandatory requirements of section 264 of the Town Law. Arguments of counsel in this respect have been devoted principally to the following portion of section 264: ‘‘ Every zoning ordinance and every amendment to a zoning ordinance (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the town board and a copy thereof (exclusive of any map incorporated therein) shall be published once in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in such town, as the town board may designate, and a copy of such ordinance or amendment together with a copy of any map incorporated therein shall be posted on the sign board maintained by the town clerk pursuant to subdivision six of section thirty of this chapter” (italics supplied).
It is well established that entry, publishing and posting is mandatory under the foregoing statute. An ordinance is of no effect, unless adopted in compliance with the requirements thereof. (Barry v. Town of Glendale, 8 N Y 2d 1153.) The People argue, in effect, that, regardless of the foregoing rule, there is a presumption of regularity and validity of the procedure followed in the adoption of an ordinance and that this presumption of validity has not been rebutted by the evidence now under review. In this connection, the law is well settled that any zoning law or ordinance is in derogation of common-law rights because it limits the use of an individual’s property. (Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298.) A town or municipality has only such power to adopt zoning ordinances as comply with the police power delegated to it by the State. (People ex rel. Sheldon v. Board of Appeals, 234 N. Y. 484.) It, therefore, became incumbent upon the People to establish that this defendant committed acts in violation of an ordinance adopted in compliance with the laws of the State of New York.
The theory of requiring strict conformity with the State law in the adoption of an ordinance, rule or regulation is analyzed in a recent opinion of the Court of Appeals (People v. Cull, 10 *203 N Y 2d 123). There, a conviction for driving at the rate of 46 miles an hour in a zone where the State Traffic Commission had established 35 as the limit by “ order” was reversed and the information dismissed on the ground that the speed limitation in question had not been filed with the Department of State as required by section 8 of article IV of the Constitution. It may be that there is merit to the People’s argument that th;y could rely on the presumption of the validity of the G-uilderland ordinance in the first instance without proving that it was properly adopted step by step. However, the issue was raised by the defendant and proof was adduced on the trial upon the question of compliance with section 264. Therefore, as was pointed out in the Cull case (supra), if the evidence indicated failure to comply with mandatory procedural requirements, conviction under the invalid order or ordinance, as the case may be, cannot be sustained. This requirement of literal compliance with the law in zoning ordinances has again recently been enunciated by the Court of Appeals in Town of Greenburgh v. Bobandal Realties (10 N Y 2d 414).
The proof here indicated that the minutes of the Town Board of Guilderland were customarily kept in a certain manner in a book maintained for that purpose. It appears, the People not seriously arguing to the contrary, that the Zoning Ordinance in question was never actually entered in writing in the minutes book as a regular “ entry ”. The Town Clerk testified that the ordinance “ was written out and turned over to the Town Attorney ’ ’ . When asked if a copy of the Zoning Ordinance was ever attached to the sheets comprising the minutes, the Clerk answered “ I would say no but this happened back in 1953 ”. There was evidence by two attorneys to the effect that their search failed to show that the ordinance was incorporated into the minutes in the customary manner. It does appear, however, that the ordinance was printed on a large newspaper-like sheet marked across the top, “ Notice of Adoption of Zoning Ordinance ”. Just what the distribution of this sheet was is not clear. However, it can be inferred that a copy of it was placed loosely within the covers of a book of board minutes. In my opinion, this procedure cannot be deemed compliance with the requirement that a zoning ordinance ‘ ‘ must be entered in the minutes of the Town Board”. The purpose of the requirement is to have available, as an official town document, in a place and manner in which the material can readily be located, the precise ordinance pursuant to which the residents of the town are to be governed. To loosely place a large printed sheet, *204 referred to as a “notice”, within the covers of the minutes book does not fulfill that purpose.
The People argue that the defendant should have put the volumes containing all board minutes in evidence under the “ best evidence ” rule. I think that the procedure followed was proper under the circumstances. The testimony on behalf of the defendant was that the ordinance in question was not in the minutes. Nothing would have been gained by putting in evidence voluminous records that did not contain the ordinance at issue. On the other hand, if the People felt they could show that the ordinance had properly been entered they could have introduced direct evidence upon this point. The prosecution could not do this because, as a matter of fact, the ordinance only appeared in the minutes book in the form of the loosely inserted newspaper-type “ notice of adoption ”.
The case of Quick v. Town of Owego (11 A D 2d 285, affd. 8 N Y 2d 1144) is not an authority for permitting the printed sheets purportedly containing the ordinance to be loosely placed in the minutes book rather than that the ordinance be actually “ entered ” in the minutes. There was involved in that case a 7-by-4-foot map, which physically could not be placed in the book in question. The minutes, however, with the ordinance properly entered, made reference to the map which was available on the wall of the Clerk’s office. In the case at hand there is no proper entry of the ordinance in the minutes as a basis of reference.
In view of this conclusion that there has been a failure to comply with the mandatory requirements of section 264 with respect to entry of the ordinance in the minutes of the Town Board, it is unnecessary to go into the other alleged deficiencies of the ordinance and the procedure by which it was adopted. I am not, therefore, passing upon the question of whether this ordinance was “published” and “posted” properly.
The defendant, having been convicted for violation of an invalid ordinance, the judgment of conviction is reversed, the information in all respects is dismissed and the fine is ordered remitted.