In the Matter of RALPH T. CARPENTER, Petitioner, v. MILO H. CLARK, as Town Clerk of the Town of Guilderland, Respondent.

Supreme Court, Special Term, Albany County, July 24, 1962.

*Max H. Hershkowitz* for petitioner. *Frank J. Williams, Jr.,* for respondent.

RUSSELL G. HUNT, J. This is an application pursuant to article 78 of the Civil Practice Act " for an order declaring in the alternative that ' House Trailer Ordinance of the Town of Guilderland ' dated July 7, 1958, is illegal and unconstitutional or directing the Town Clerk of the Town of Guilderland to issue * * * a permit for the construction and maintenance of a house trailer camp in the Town of Guilderland ".

It appears that the petitioner is the owner of vacant land in the Town of Guilderland, Albany County, located in the " Agricultural Districts " under the zoning plan adopted by town ordinance of December 17, 1953. This ordinance, it is alleged

in the petition, was held to have been declared "unconstitutional". This is incorrect. The ordinance was held invalid because of a failure to comply with the provisions of section 264 of the Town Law, after the passage of the ordinance (see *People* v. *Barry,* 32 Misc 2d 200). In that case the defendant had been convicted in the Court of Special Sessions, Town of Guilderland, for three violations of the ordinance, but, on appeal to the Albany County Court the conviction was reversed for the invalidity. The State Legislature cured the defect by chapter 572 of the Laws of 1962, effective April 18, 1962. The reference to the 1953 ordinance is not clear because the petitioner's present objection is to the ordinance of July 7, 1958, which is entitled "Ordinance * * * regulating the operation of house trailers and house-trailer-courts within the town * * * under the authority of subdivision 21 of section 130 of the Town Law." This latter ordinance "'prescribe[d] an independent procedure and was evidently intended to furnish the whole law on the particular subject'" (*Town of Greenburgh* v. *Bobandal Realties,* 10 N Y 2d 414, 419).

The petitioner applied for the permit under the 1958 ordinance and following a denial thereof the petitioner commenced this proceeding. The proceeding is not the correct procedure for testing the constitutionality of the ordinance (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508). The constitutionality or validity of the decision, however, may be attacked in this proceeding.

The 1958 ordinance is the one referred to hereafter and particularly section 6 (c) thereof under which it is provided that a trailer court "shall be provided with proper water connections and fire hydrants to an existing public water system of the Town or of any district if located therein." The application for a permit was denied upon the sole ground that there was no public water system in the area of the petitioner's land and to which a connection could be made. It is presumed, and, there is an absence of anything to the contrary contained in the denial, that in all other respects the petitioner's application complied with the ordinance and in those respects approval would not have been withheld; the Town Board's action was "to deny this petition due to lack of a water supply" (i.e., a public water system) and not because of a failure or refusal of other town officials to report upon the application (see ordinance, § 5). The Town Clerk's hand was stayed by the Town Board and upon the grounds stated. If the ordinance does not sustain the latter's action then the permit ought to be issued.

The refusal to issue the permit was based upon an interpretation of the ordinance, section 6 (c), which had the effect of prohibiting and not regulating. So far as the papers herein show, there is no public water supply system in the town, therefore, the respondent argues, a permit cannot be issued because the petitioner cannot comply with section 6 (c). It would seem that a water supply does exist, else, the officials referred to in section 5 would have reported adversely to the Town Board; furthermore, the petitioner, in fact, could not operate a trailer court business or any other business or use the premises for permissible purposes without a water supply.

The interpretation properly to be made, and, to preserve the validity of the ordinance, is that if a "public water supply system" is located in proximity to petitioner's land then the latter must make connections therewith, and, if there is no such water system, the permit, nevertheless, shall issue upon compliance, otherwise, with the ordinance. So construed, the ordinance permits and does not prohibit. Zoning laws must be construed liberally in favor of property owners since they are in derogation of common-law rights (*Matter of 440 East 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298, 304). There is no issue of fact.

The application is granted. Submit order.