Maurice W. MoCauu, J.
The Grand Jury of Seneca County found an indictment against this defendant which he now moves to set aside upon the ground that the grand jury stenographer was not a citizen and resident of Seneca County, which this defendant claims are prerequisite qualifications, and the taking by that stenographer of the testimony given before the Grand Jury upon which the defendant was indicted violated subdivision 2 of section 313 of the Code of Criminal Procedure. This section requires that the court to set aside an indictment “ When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and fifty-five, two hundred and fifty-six, two hundred and fifty-seven, and nine hundred and fifty-two-t ” these sections only authorized the presence of the District Attorney or his assistants before the grand jury.
The attendance of stenographers upon the grand jury has been authorized by statute since 1885 (Matter of Montgomery, 126 App. Div. 72; People v. Steinhardt, 47 Misc. 252).
The facts in this case are not in dispute. The stenographer before the Grand Jury which found this indictment was one Michael Baroody, who resides in the City of Auburn in Cayuga County. Cayuga adjoins Seneca County. On May 10, 1956 Michael Baroody took the following oath of office in the Seneca County Clerk’s office :
State of New York
Seneca County
I, Michael N. Baroody of-do solemnly swear that I will support the Constitution of the United States and the Constitution of the State of New York; and that I will faithfully discharge the duties of the office of Temporary Grand Jury Stenographer in and for said county according to the best of my ability.
Michael N. Baroody
Subscribed and sworn to before me this 10th day of
May 1956 Doris I. Jolly (Johnson)
Notary Public
Term expires-.
*627 The present District Attorney since taking office on January 2, 1962 continued to use Mr. Baroody as grand jury stenographer during the months of January, April and September of 1962 and January of 1963.
According to the Seneca County Clerk’s records one Angelo D. Bianchi on January 11,1963 took the oath of office of grand jury stenographer. After the words “ Term Expires ” there appear these words: “ at Judge’s discretion.”
The District Attorney in his answering affidavit states that he did not appoint Mr. Bianchi as grand jury stenographer and did not know of the filing of the oath of office until January 22, 1963.
The Code of Criminal Procedure (§§ 952-p through 952-x) seems to govern the appointment, duties, etc. of grand jury stenographers. Section 952-p provides for the appointment by the District Attorney. Section 952-q says that they shall be a citizen and resident of the county in which he is appointed, etc. Section 952-r states that every appointment shall be in writing under the hand of the official who makes the same, etc. This section also provides for the stenographers taking the constitutional oath with the added proviso ■“ that he will keep secret all matters and things occurring before such grand juries.” Neither of the above-mentioned oaths filed in the Seneca County Clerk’s office contained this added provision.
Section 952-w provides that in case of the absence by reason of illness, or other cause, of the official stenographer to any grand jury in any county of this State, the District Attorney of the county may designate a stenographer to perform the duties of such official stenographer during such absence.
The defendant in his affidavit on this application calls this court’s attention to subdivision 2 of section 952-w. Wherein any temporary stenographer appointed under this provision shall terminate at such time as the Judge or Justice ordering the appointment may thereafter determine, and cannot continue beyond the time of the discharge of that grand jury.
This particular provision has no application here as it applies only where the Judge or Justice presiding at the term of court for which the grand jury in question had been drawn, feels that the volume of business requires the services of an additional stenographer. This did not happen with the January 1963 Grand Jury.
Just how strict an interpretation should be placed on the provisions of the Code of Criminal Procedure ? No cases on the question under consideration have been presented to this court *628 nor has the court found any. Consideration therefore must be given to those found covering facts of a similar nature.
In the case of People v. Petrea (92 N. Y. 128) the indictment was found by a Grand Jury drawn under a statute which the court found to be unconstitutional. But its indictment, nevertheless, was sustained as the finding of a de facto Grand Jury. In People v. Scannell (37 Misc. 345) it was held that an objection to an individual grand juror, that he was not a resident of the county where the indictment was found, is not available after indictment found, nor can such a disqualification vitiate the indictment. Likewise in the case of People v. Coco (70 Misc. 195) which is nearest to the case at bar was a case wherein there was a motion made as in this case to dismiss because the temporary stenographer appointed therein pursuant to •section 952-w of the Code of Criminal Procedure. The stenographer lived in a county other than the one wherein he was designated. The court held that the stenographer was a de facto officer and dismissed the motion.
Just what difference it makes whether a duly qualified and sworn grand jury stenographer is a citizen of one rather than another county is not apparent to me; and, in view of the District Attorney’s confidential relation to the public interests, it may well be doubted whether the Legislature may so restrict him in his field of selection. (People ex rel. Flood v. Gardiner, 157 N. Y. 520.)
Surely Michael Baroody was acting under some color of title as grand jury stenographer even though his appointment might be open to criticism and attack regarding its legality. This court finds him to be a de facto official.
For the foregoing reasons the motion should be and is denied.
In reaching this conclusion it should be understood that this court is not giving its approval of a continuance of what has taken place in the past.