OPINION OF THE COURT
Jan H. Plumadore, J.
The defendant has moved to dismiss 1-70-80, which charges him with burglary in the second degree, on the grounds that (1) he was not advised of the time and place his case would be presented to the Grand Jury and (2) that the Grand Jury proceedings were defective because they were tape recorded and not stenographically recorded (in contravention of Judiciary Law, § 325).
*483 As to (1), the People correctly point out that the defendant is not entitled to notice of the specific time and place unless and until he makes a request to testify after he has, as here, received initial notice that his case will be presented (CPL 190.50, subd 5, pars [a], [b]), which request by the defendant his attorney nowhere alleges was made. Additionally, the People have shown that this ground was not raised within the prescribed five days after arraignment upon the indictment (CPL 190.50, subd 5, par [c]). Accordingly, the motion to dismiss on this ground must be denied.
The other ground raised is more troublesome, and it has had the benefit of treatment in several affidavits, including those of the Grand Jury stenographer and a non-involved attorney, a memorandum of law by the People, and a hearing on the motion held September 29, 1980 at which the Grand Jury stenographer read back portions of her stenographic notes in this and one other selected case.
It developed during the course of these proceedings that there were and are the following admitted legal and factual issues with respect to the stenographer: no notice of appointment had been filed initially with the County Clerk, nor did the oath of office (which was filed) contain the requisite oath of secrecy (Judiciary Law, § 323); the stenographer is not a certified shorthand reporter within the meaning of article 151 of the Education Law nor a qualified Court Reporter I or II as classified by the Office of Court Administration; the Franklin County District Attorney’s office allows the use of a tape recorder as “backup” for the stenographer’s notes, which practice predates the appointment of the stenographer who took the within notes and finally,, transcripts of Grand Jury proceedings are not certified as to their accuracy. It should be noted at this juncture that there is no express requirement that a Grand Jury stenographer be a certified shorthand reporter, only that he or she be “skilled in the stenographic art” (Judiciary Law, § 291). McKinney’s Consolidated Laws of New York, however, suggests by cross reference to section 7501 of the Education Law that certification is at the least indicative of qualification to take and record oral court proceedings (Cross References, McKinney’s Cons Laws of NY, *484 Book 29, Judiciary Law, § 291). To put it another way, if a Grand Jury stenographer is a certified shorthand reporter, having passed one of the applicable civil service exams, and no tape recorder is used, it would be difficult if not impossible for a defendant, absent very specific factual allegations and proof, to ever show that the integrity of the Grand Jury proceedings was impaired by the method used by and qualifications of the stenographer.
The other above-named defects (notice of appointment, oath, etc.) standing alone might be insufficient to show impaired integrity or the possibility of prejudice to the defendant; at least the People have cited case law authority in support of that view (e.g., People v Considine, 38 Misc 2d 625; People v Coco, 70 Misc 195). However, it is the matter of the use of the tape recorder, at least at the pleading stage of the within motion, which brought the entire matter under scrutiny.
Section 325 of the Judiciary Law provides that it is the duty of the Grand Jury stenographer to “take in shorthand or upon a typewriting machine the testimony introduced before such grand juries, and, * * * to furnish to the district attorney of such county a full copy of all such testimony as such district attorney shall require”. The Legislature in its wisdom has not seen fit to include tape recording machines among the authorized ways of taking the testimony. It follows, then, that any Grand Jury minutes or portions thereof which were taken by or transcribed directly from a tape recorder were taken in violation of section 325.
At the September 29, 1980 hearing in the case at bar the stenographer was required to read back, from her shorthand notes, portions of the Grand Jury testimony and legal instructions in this case and one other. The District Attorney candidly admitted that she had been given an opportunity to review this defendant’s transcripts, and in her reading she did very well, averaging only two minor mistakes per page of transcript.
In her reading of her notes on the other case, however, for which she was not prepared, she did not fare nearly as well. She seemed to have a great deal more difficulty — in point of fact, at one point she missed virtually half of one full *485 page of the transcript; at another, she made 10 mistakes on one page, many of which were major ones.
In all fairness, this court is as cognizant as it can be (without being itself at all “skilled in the stenographic art”) of the difficulty of sitting in the witness chair, in a “somewhat” hostile environment, and trying to reconstruct from shorthand notes testimony that was taken several months before.
However, we are constrained to note that the Grand Jury stenographer while testifying under oath stated that no additions or deletions were made to the shorthand notes at the time of transcription or at any other time from the tape recordings.
Upon impounding and examining the minute books it appeared that extensive additions were made to the notes in People v Lawrence (many in longhand and different colored ink) while none appear to have been made in People v Chubb. Since the District Attorney and the witness were on notice of the court’s intention to require a read back from notes in the case at bar well in advance of the hearing the only conclusion which can be reached is that the notes were altered in preparation for the hearing, sworn testimony to the contrary notwithstanding. This was undoubtedly done without the District Attorney’s knowledge or consent. This effectively casts a shadow over this witness’ credibility and might well tend to negate a certification as to the accuracy of these minutes if one had in fact been made.
It is the finding of this court that the tape recorder was used, even if inadvertently, to augment, supplement, and apparently fill in gaps in the shorthand recorded testimony for purposes of transcription. There is no other plausible explanation of the apparent completeness of the transcripts versus the apparent gaps in the shorthand notes.
The People assert, by way of submitted closing statement, that even if the tape recorder were used, the defendant has not and cannot show any prejudice or impairment because the transcripts accurately and fully set forth the testimony as it was given. The court must disagree (1) because that is in part a conclusory statement, in no way proven or shown *486 during the within proceedings, and (2) it is not the issue. The defendant has the right, when grounds have been shown sufficient to invoke it, to have the court review, and have available prior sworn testimony in the form of (accurate) transcripts which were prepared in compliance with article 10-A of the Judiciary Law. It is the finding of this court that the transcripts herein were not so prepared, and that this fact virtually as a matter of law raises the possibility of prejudice to the defendant.
If the Legislature had seen fit to include tape machines as an acceptable, reliable, authorized way of taking all or part of Grand Jury testimony, it would have done so. We would then have no need for statutes pertaining to Grand Jury stenographers — section 330 typists would suffice.
The granting of this defendant’s motion will have effects that are more far-reaching than the grant of a CPL 210.-20-210.35 motion upon grounds such as failure to give legal instructions to the Grand Jury or the presence in the Grand Jury room of an unauthorized person. This type of defect potentially affects the results of whole terms of the Grand Jury. Of course, guilty pleas or trials to verdict cure any questions not previously raised with regard to the sufficiency of an indictment or Grand Jury proceedings (see, e.g., CPL 210.20, 255.20, 440.10, 470.05). However, there are indictments, and omnibus motions thereon, still outstanding from Grand Jury terms taken both by this stenographer and her predecessor (who also used the tape machine backup), and the ruling herein may well affect some of those cases if either a CPL 210.30 (motion to inspect Grand Jury minutes) or 210.35 ground has been raised. The appropriate members of the defense bar will be notified accordingly.
The People will, on application pursuant to CPL 210.20 (subd 4), be given leave to resubmit this case without the necessity of securing an additional securing order (CPL 210.45, subd 9).